PACIFIC RAILWAY COMPANY IN NEBRASKA v. JAMES PERKINS.

FILED MARCH 29, 1893.    No. 4940.

Condemnation Proceedings: NON-RESIDENT: DEFINITION.
    The word "non-resident," in section 100, chapter 16, Compiled Statutes, relating to condemnation proceedings for right of way for a railroad, means a non-resident of the state and not of the land affected, or of the county where it is situate.

ERROR from the district court of Nuckolls county. Tried below before MORRIS, J.

*B. P. Waggener, James W. Orr, G. W. Stubbs,* and *David Martin,* for plaintiff in error.

*Schomp & Corson, contra.*

MAXWELL, CH, J.

In 1889 the defendant in error brought an action in the district court of Nuckolls county against the plaintiff in error for trespass in entering upon and occupying a strip of land for right of way through the southwest quarter

of section 33, township 2 north, of range 7 west, in said county, said land being the property of the defendant in error. The plaintiff in error justified its entry upon the land and occupation of said strip by virtue of certain condemnation proceedings and the payment of the award of the commissioners to the county judge of said county. The reply consists of certain specific denials. On the trial of the cause certain questions were submitted to the jury which, with their answers, are as follows:

Q. 1. Did the plaintiff, James Perkins, ever live upon or occupy the S. W. ¼ of sec. 33, T. 2, R. 7, in Nuckolls county, Nebraska?

A. No.

Q. 2. Did the plaintiff James Perkins ever reside in Nuckolls county, Nebraska?

A. No.

Q. 3. Had said land up to the time of the location of the defendant's railroad upon it been vacant, unenclosed, unimproved, and unoccupied?

A. Yes.

Q. 4. Up to the time of commencing this action was said land still vacant, unenclosed, unimproved, and unoccupied, except by the location, construction, and operation of the defendant's railway?

A. Yes.

Q. 5. At the time of the location of the defendant's railway upon said quarter section was the land lying in a state of nature, with nothing growing on it but the grass and herbage common to our open prairie?

A. Yes.

Q. 6. Up to the time of commencing this action was said land lying in a state of nature, except by the construction and operation of the defendant's railway, with nothing growing on it but the grass common to our open prairies?

A. It was.

The jury returned a general verdict in favor of the de-

fendant in error for the sum of $18, upon which the judgment was rendered.

The principal contention of the defendant in error is that the defendant in error was a non-resident within the meaning of the statute.

Sec. 100, ch. 16, Comp. Stats., provides: "If, upon the location of said railroad, it shall be found to run through the lands of any non-resident owner, the said corporation may give four weeks' notice to such proprietor, if known, and if not known, by a description of such real estate, by publication four consecutive weeks in some newspaper published in the county where such lands may lie, if there be any, and if not, in one nearest thereto on the line of their said road, that said railroad has been located through his or her lands; and if such owner shall not, within thirty days thereafter, apply to said probate judge to have the damages assessed in the mode prescribed in the preceding sections, said company may proceed, as herein set forth, to have damages assessed, subject to the same right of appeal as in case of resident owners; and upon the payment of the damages assessed to the probate judge of the proper county for such owner, the corporation shall acquire all rights and privileges mentioned in this subdivision."

Sec. 97 of the same chapter also provides: " If the owner of any real estate over which said railroad corporation may desire to locate their road shall refuse to grant the right of way through his or her premises, the county judge of the county in which such real estate may be situated, as provided in this subdivision, shall, upon the application of either party, direct the sheriff of said county to summon six disinterested freeholders of said county, to be selected by said county judge, and not interested in a like question, unless a smaller number shall be agreed upon by said parties, whose duty it shall be to carefully inspect and view said real estate, and assess the damages which said owner shall sustain by the appropriation of his or her land to the

use of said railroad corporation, and make report in writing to the county judge of said county, who, after certifying the same under his seal of office, shall transmit the same to the county clerk of said county for record, and said county clerk shall file, record, and index the same in the same manner as is provided for the record of deeds in this state, and such record shall have the like force and effect as the record of deeds in pursuance of the statute in such case made and provided. And if said corporation shall at any time before they enter upon said real estate, for the purpose of constructing said road, pay to said county judge for the use of said owner the sum so assessed and returned to him as aforesaid, they shall thereby be authorized to construct and maintain their said road over and across said premises; *Provided*, That either party may have the right to appeal from such assessment of damages to the district court of the county in which such lands are situated, within sixty days after such assessment, and in case of such appeal the decision and finding of the district court shall be transmitted by the clerk thereof, duly certified to the county clerk, to be filed and recorded as hereinbefore provided, in his office. But such appeal shall not delay the prosecution of the work on said railroad if such corporation shall first pay or deposit with such county judge the amount so assessed by said freeholders. Such railroad company shall in all cases pay the costs of the first assessment; *Provided*, That if, on appeal, the appellant shall not obtain a more favorable judgment and award than was given by said freeholders, then such appellant shall be adjudged to pay all the costs made on such appeal; *Provided further*, That either party may appeal from the decision of the district court to the supreme court of the state, and the money so deposited shall remain in the hands of the county judge until a final decision be had, subject to the order of the supreme court."

It seems to be conceded that the defendant in error was

a resident of the state, although he did not reside on the land in question or even in Nuckolls county. Was he, therefore, a non-resident within the meaning of the statute? The word "non-resident" is ordinarily used in connection with certain rights of creditors and property owners. Thus, a person who does not reside in a school district in which he has property is a non-resident of such district. So, if he owns property in any village, city, or county in which he does not reside he is a non-resident of such county, city, or village. In the broad sense, it is applicable to every one who does not reside at a particular place named. The word, however, when applied to the bringing of an action, is used in a more limited sense. Thus, the Code requires an action to be brought in the county where the defendant resides or may be served with summons. If the action affects the title or possession of real estate, then the action is to be brought in the county where the lands lie and the summons may be sent to any county in the state and be there served on the defendant. The Code also provides for service by publication where it appears from the oath of a plaintiff, his agent or attorney, that the defendant cannot be served with summons within the state. One of the grounds of attachment is, that a defendant is a non-resident. In these cases the term is used to signify one who does not reside within the state. In such case, as personal service cannot be had within the boundaries of the state, constructive service by publication is permitted. This results from the necessity of the case, the duty of the courts to enforce the rights of a plaintiff upon property of the defendant within the jurisdiction of the court, and the inability to obtain personal service on him within the jurisdiction of the court. If personal service can be had upon a defendant within the state, then service by publication cannot be made. In the general acceptation of the term it means one who resides out of the state. (*Frost v. Brisbin*, 19 Wend. [N.Y.], 11, 32 Am. Dec., 423; *Pooler v. Maples*, 1 Wend. [N.Y.], 65; 16 Am. & Eng. Ency.

of Law, 718.)   In the matter of *Thompson*, 1 Wend. [N. Y.], 43, it was held that an attachment might issue against the property of a debtor notoriously residing abroad whether he was absent temporarily or permanently.   In either case he was a non-resident within the meaning of the statute.   Considerable stress is laid by the plaintiff in error upon the power of the legislature to declare service by publication in regard to public roads, etc., sufficient.   In answer to this statement it is sufficent to say that the question involved in this case is not one of power of the legislature, or the want of it, but the meaning of the word "non-resident"; but even in regard to such cases this court recently held that where the land-owner had no actual notice of the proceedings till it was too late to appeal, he could recover damages for injury to his land by the location of the road. (*Pawnee County v. Storm*, 34 Neb., 735.)   The judgment is right and is

AFFIRMED.

THE other judges concur.