STATE, EX REL. WILLIS C. CROSBY, APPELLANT, v. HARLEY G. MOORHEAD, ELECTION COMMISSIONER, APPELLEE.

FILED OCTOBER 3, 1916.  No. 19731.

1. **Statutes:** CONSTITUTIONALITY. An act complete in itself is not unconstitutional because it incidentally modifies, changes or destroys the effect of existing statutes.

2. ———: EFFECT: INCORPORATION OF EXISTING LAWS. The effect of the act providing that "the county attorney shall perform all of the duties enjoined by law upon the county coroner and the county attorney shall be *ex officio* county coroner" is to incorporate in the new law the existing laws defining the duties of the coroner. Laws 1915, ch. 224, sec. 1; Rev. St. 1913, secs. 5662-5684.

3. ———: CONSTITUTIONALITY: AMENDMENTS. The act requiring the county attorney to perform the duties of coroner is complete in itself, and does not violate the constitutional provision relating to the amendment of laws. Laws 1915, ch. 224; Const., art. III, sec. 11.

4. **Coroners:** POWERS AND DUTIES. The powers and duties of the coroner are not judicial, within the meaning of the constitutional provision dividing the powers of government into three departments. Const., art. II; Rev. St. 1913, secs. 5662-5684.

5. **Constitutional Law**: Statute: Administrative and Judicial Powers. The act requiring the county attorney to perform the duties of coroner is not unconstitutional as clothing an administrative or executive officer with judicial power. Const., art. II; Laws 1915, ch. 224.

Appeal from the district court for Douglas county: George A. Day, Judge. *Affirmed.*

*R. M. Switzler,* for appellant.

*George A. Magney* and *Ray J. Abbott, contra.*

Rose, J.

This is an application for a peremptory writ of mandamus to compel respondent, as election commissioner of Douglas county, to place upon the official ballot for the election to be held November 7, 1916, the name of relator as a candidate for coroner. The application was resisted on the ground that the legislature of 1915 imposed upon the county attorney the duties of coroner. From a dismissal of the proceeding relator has appealed.

The question presented is the validity of an act entitled:

"An act to provide that the county attorney shall be *ex officio* county coroner, that he may delegate certain duties to the sheriff and county clerk, and to repeal all acts and parts of acts in conflict herewith." Laws 1915, ch. 224.

The legislation contains two sections, which are as follows:

"Section 1. On and after the first Thursday after the first Tuesday in January, 1917, the county attorney shall perform all of the duties enjoined by law upon the county coroner and the county attorney shall be *ex officio* county coroner. The county attorney shall receive no additional fees for performance of duties prescribed by statutes for county coroner, but shall be reimbursed for all actual necessary expenses incurred by him in the performance of such duties. The county attorney may delegate to the

county sheriff that part of the coroner's duties as now prescribed by statute which relate to viewing dead bodies and serving papers, except that in cases where there may be occasion to serve papers upon the sheriff the county attorney may delegate such duty upon the county clerk.

"Section 2. All acts and parts of acts in conflict herewith are hereby repealed."

Relator contends that the legislature violated the constitutional provision: "No law shall be amended unless the new act contain the section or sections so amended and the section or sections so amended shall be repealed." Const., art. III, sec. 11.

It is argued that the act is void as an unconstitutional attempt to amend the statute defining the duties of the county attorney and the law requiring the election of a coroner. The act purports to be a new and independent one covering the entire subject to which it relates. Both the title and the body of the act disclose a legislative intent to impose upon the county attorney the statutory duties formerly exercised by the coroner and to repeal acts in conflict with the new legislation. Though the new act changes the law requiring the election of a coroner and imposes new duties upon the county attorney without attempting in direct terms to amend the statutes relating to those subjects, the enactment is not necessarily void for that reason. It is familiar law that an act complete in itself is not unconstitutional because it incidentally modifies, changes or destroys the effect of existing statutes. *Van Horn v. State,* 46 Neb. 62; *Pacific Express Co. v. Cornell,* 59 Neb. 364. In discussing a similar constitutional provision Judge Cooley said:

"The act before us does not assume in terms, to revise, alter or amend any prior act, or section of an act, but by various transfers of duties it has an amendatory effect by implication, and by its last section it repeals all inconsistent acts. We are unable to see how this conflicts with the provision referred to. If, whenever a new statute is passed, it is necessary that all prior statutes, mod-

State, ex rel. Crosby, v. Moorhead.

ified by it by implication, should be re-enacted and published at length as modified, then a large portion of the whole code of laws of the state would require to be republished at every session, and parts of it several times over, until, from mere immensity of material, it would be impossible to tell what the law was. If, because an act establishing a police government modifies the powers and duties of sheriffs, constables, water and sewer commissioners, marshals, mayors and justices, and imposes new duties upon the executive and the citizen, it has thereby become necessary to re-enact and republish the various laws relating to them all as now modified, we shall find, before the act is completed, that it not only embraces a large portion of the general laws of the state, but also that it has become obnoxious to the other provisions referred to, because embracing a large number of objects, only one of which can be covered by its title." *People v. Mahaney,* 13 Mich. 481, 496.

The reasoning of Judge Cooley was adopted in *De France v. Harmer,* 66 Neb. 14. See, also, *Lake v. State,* 18 Fla. 501. Relator's position that the act amends former statutes in violation of the Constitution is therefore untenable.

It is also argued that the act is not complete in itself. This point seems to be based on the proposition that the duties imposed upon the county attorney are not defined in the new act nor made a part of it by re-enactment. The new act declares: "The county attorney shall perform all of the duties enjoined by law upon the county coroner and the county attorney shall be *ex officio* county coroner." Laws 1915, ch. 224, sec. 1.

The effect of these provisions was to incorporate in the new act the law defining the duties of the coroner. For that purpose it was not necessary to embody in the new act the literal terms of the old. This was properly done by reference. *Nebraska Loan & Building Ass'n v. Perkins,* 61 Neb. 254; *Shull v. Barton,* 58 Neb. 741; *People v. Mahaney,* 13 Mich. 481; *Lake v. State,* 18 Fla. 501.

Another argument is directed to the proposition that the act imposes upon the county attorney, an administrative or executive officer, duties of a judicial nature in violation of the constitutional provision declaring:

"The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted." Const., art. II.

In requiring the county attorney to perform the duties of coroner, did the legislature clothe an executive officer with judicial powers in violation of the Constitution? Relator insists that the coroner's powers in relation to inquests are judicial. If there is reason to suppose the death of a person was caused by unlawful means, the statute authorizes the coroner to make an investigation. To that end he is authorized to issue a warrant for the summoning of a jury; to issue subpœnas for witnesses; to conduct an investigation; to receive the verdict; to issue a warrant for the arrest of the suspect, who shall be taken before a justice of the peace for examination; to return to the district court the inquisition and papers connected therewith. Rev. St. 1913, secs. 5662-5684. The power to investigate, including the summoning and examining of witnesses, is not a peculiar function of the judiciary, but is often properly exercised by both the legislative and executive departments of government. *In re Fenton,* 109 N. Y. Supp. 321. A coroner's inquest conducted according to the terms of the present statute is not a judicial proceeding within the meaning of the Constitution. *Cox v. Royal Tribe,* 42 Or. 365; *Queatham v. Modern Woodmen,* 148 Mo. App. 33. The act of a coroner in issuing a warrant of arrest is not the exercise of a power limited exclusively to the judiciary. *Ex parte Gist,* 26 Ala. 156; *State v. Nast,* 209 Mo. 708. The trend of judicial opinion, based upon reason and authority, is that the duties imposed by the act of 1915

upon the county attorney are not "judicial" within the meaning of that word as used in the constitutional provision relating to the division of powers. Const., art. II. It follows that the writ of mandamus was properly refused.

AFFIRMED.

SEDGWICK, J., concurring.

If the office of coroner still exists, the plaintiff has a right to be a candidate for that office.

The plaintiff contends that the office of coroner still exists in this state, and the defendant contends that there is now no such office, it having been abolished by the act of 1915. The plaintiff contends that the former statute which creates county offices and prescribes the duties thereof cannot be amended by implication; that to abolish the office of coroner is to amend the former statute which establishes that office as a distinct office as other county offices are established.

The defendant answers that the act of 1915 is "complete in itself." If we consider that the purpose to abolish the office of coroner and to impose the duties of that office upon another officer is a complete subject of legislation, the defendant's reasoning is unanswerable. But, if the complete subject of legislation is the creation of county offices and prescribing the duties thereof, the plaintiff's position is sound. If the former statute creating county offices had been amended, and the office of coroner omitted, the duties of that office being devolved upon another officer, the legislation would have been regular within the constitutional provision. The letter of the Constitution seems to require that method of changing the law. I cannot see that the purpose of the constitutional provision has been thwarted in this case. The course pursued could not invite surreptitious legislation, nor confuse the law by the changes introduced by implication. I therefore do not consider that it is my duty to dissent from the conclusion of the majority.