STATE, EX REL. E. H. LUTT ET AL., APPELLEES, v. RAYMOND TOWNSHIP ET AL., APPELLEES; CHRIS JOHNSON, APPELLANT.

FILED FEBRUARY 5, 1917.    No. 19140.

Highways: DEDICATION: ACT OF CONGRESS. The act of the Congress of March 2, 1889, which "reserved public highways four rods wide around every section of land allotted, or opened to settlement," in the Sioux Indian reservation, amounted to a grant or a dedication for highway purposes. 25 U. S. St. at Large, ch. 405, sec. 21, p. 897.

APPEAL from the district court for Knox county: ANSON A. WELCH, JUDGE. *Affirmed.*

*W. A. Meserve,* for appellant.

*M. F. Harrington* and *E. A. Houston, contra.*

ROSE, J.

This is an appeal from an order allowing a peremptory writ of mandamus commanding Chris Johnson, as road overseer of Raymond township in Knox county, to open a public highway four rods wide on a section line in what was a part of the Sioux Indian reservation which was allotted to Indians and opened to settlement by the act of Congress of March 2, 1889. 25 U. S. St. at Large, ch. 405, p. 888. The act provides: "There shall be reserved public highways four rods wide around every section of land allotted, or opened to settlement by this act, the section lines being the center of said highways; but no deduction shall be made in the amount to be paid for each quarter-section of land by reason of such reservation. But if the said highway shall be vacated by any competent authority the title to the respective strips shall inure to the then owner of the tract of which it formed a part by the original survey." 25 U. S. St. at Large, ch. 405, sec. 21; p. 897.

Most of the lands along the highway in controversy are Indian allotments, the title to which is being held by the United States as trustee for the allottees.

Respondent contends that the Congress did not grant or dedicate land for highways on Indian allotments, and that the word "reserved," in the connection in which it is used in the statute, means that the United States retained the title to land intended for highway purposes. The Congress "reserved" a piece of land "four rods wide around every section of land allotted, or opened to settlement." The word "reserved" should be construed in connection with the context and the obvious purpose of the legislation. The object was to permit Indians to

hold allotted lands in severalty and to open the remainder
of the reservation to settlers under the homestead laws.
For these purposes highways were necessary. It was the
intention of the lawmakers to allow allotted lands and
homesteads to pass in due time from the control of the
Congress to private individuals. It was not the inten-
tion to retain a narrow piece of land around each sec-
tion. This is shown by the act itself, which declares:
"But if the said highway shall be vacated by any com-
petent authority the title to the respective strips shall
inure to the then owner of the tract of which it formed
a part by the original survey." 25 U. S. St. at Large,
ch. 405, sec. 21, p. 897.

It is also contended that, under a later act, a high-
way over allotted land in an Indian reservation cannot
be opened without the consent of the secretary of the
interior, and that his consent was not procured. The
new legislation is found in the act of March 3, 1901,
and provides: "The secretary of the interior is hereby
authorized to grant permission, upon compliance with
such requirements as he may deem necessary, to the
proper state or local authorities for the opening and
establishment of public highways, in accordance with the
laws of the state or territory in which the lands are
situated, through any Indian reservation or through
any lands which have been allotted in severalty to any
individual Indians under any laws or treaties but which
have not been conveyed to the allottees with full power of
alienation." 31 U. S. St. at Large, ch. 832, sec. 4, p. 1084.

The enactments do not contain contradictory or in-
consistent provisions. The act of 1889 contains a special
provision relating to highways in the Sioux Indian reser-
vation. The act of 1901 is a general one and does not in
direct terms or by implication amend or repeal the for-
mer law. Both may be enforced as enacted. *Jackson
v. Washington County,* 34 Neb. 680; *State v. Clarke,* 98
Neb. 566.

In re Estate of Johnson.

Respondent contends further that there has been no proper acceptance of the highway. The grant or dedication by the Congress respects the public policy of Nebraska as declared by an act providing that "the section lines are hereby declared to be public roads in each county," and that "the county board may, whenever the public good requires it, open such roads." Rev. St. 1913, sec. 2899. The county board of Knox county, July 16, 1908, made an order for the establishment of the highway in controversy. Acceptance of the grant or dedication is shown.

Notice to file claims for damages was given, but no claims were filed. The necessity of making provision for the payment of damages as a condition of opening the highway is therefore not determined.

The peremptory writ was properly allowed.

AFFIRMED.