ALBERT SOULEK, APPELLANT, V. MICHAEL STIEFVATER ET AL., APPELLEES.

FILED DECEMBER 31, 1925. No. 23514.

**Eminent Domain:** HIGHWAYS: DAMAGES. Land in this state to which a patent has been issued under 25 U. S. St. at Large, ch. 405, sec. 21, p. 896, falls within the general rule as to damages when a public road is opened across it, and before opening the road for public travel, just compensation must be made, or provided to be made, to the owner for the damages done.

APPEAL from the district court for Knox county. WILLIAM V. ALLEN, JUDGE. Reversed.

M. F. Harrington and J. F. Green, for appellant.

W. A. Meserve, contra.

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON, and EBERLY, JJ.

MORRISSEY, C. J.

This action was instituted in the district court for Knox county by plaintiff to enjoin defendants, the township officers of Raymond township, and Stewart M. Armstrong, a private citizen, from trespassing upon the real estate described in the petition, and opening a road along the section line traversing the real estate described.

The petition alleges that for more than 13 years last past plaintiff was the owner in fee simple of the property de-

scribed in his petition; that the land was inclosed with a fence and had been improved by the planting of trees and the cultivation of the soil; that defendants in attempting to open a road along the section line had cut and destroyed plaintiff's fence; that plaintiff had not been paid any damages for the opening of the road, nor had any provision been made by the board of supervisors of Knox county for the payment of damages.

The court denied plaintiff's prayer for a permanent injunction and dismissed his petition. Plaintiff has appealed.

Plaintiff states the question presented as follows:

"The principal question in this case is whether or not a section-line road can be opened without either the payment of damages or a provision being made therefor by the county board, neither of which was done in this case."

Defendants, in their brief, state the issue in the following form:

"The principal question involved was whether or not said section line was a public road. No disputed question of fact is involved."

In January, 1907, the United States government issued a patent in fee simple to one Fannie Barker, a Ponca Indian. March 20, 1909, Fannie Barker and her husband conveyed the premises by warranty deed to plaintiff, who from that date until the bringing of this suit had been in the quiet and undisputed possession thereof. The patent to Mrs. Barker was issued under the act of congress of March 2, 1889, 25 U. S. St. at Large, ch. 405, sec. 21, p. 888. *Inter alia*, the act provides:

"There shall be reserved public highways four rods wide around every section of land allotted, or opened to settlement by this act, the section lines being the center of said highways; but no deduction shall be made in the amount to be paid for each quarter-section of land by reason of such reservation. But if the said highway shall be vacated by any competent authority the title to the respective strips shall inure to the then owner of the tract of which it formed

a part by the original survey." 25 U. S. St. at Large, ch. 405, sec. 21, p. 897.

Defendants plead the foregoing portion of the statute and say that it constituted "a dedication or grant of a strip four rods wide on the section line in question for a public road;" and cite in support thereof the holding of this court in *State v. Raymond Township,* 100 Neb. 788.

In 1895 the county board of Knox county directed the county surveyor to survey land for a road along the strip now in question, and, after the survey was made and recorded in the proper plat book of the county, an order was entered declaring the same to be a public road, No. 319, but no step was taken looking to the occupancy of the strip and it has neither been worked by the township officers nor traveled by the public.

Prior to the bringing of this action, plaintiff joined with other citizens in a petition to the county board praying that the road be vacated. This petition was denied by the county board, and neither plaintiff nor any other person prosecuted an appeal from the ruling. Because of the statute quoted and the facts recited, defendants assert that the strip of ground in question became, and is, a public road. However, the ultimate determination of the case does not rest alone on the finding that the strip of ground has been, either by operation of law or the acts of the several parties, set aside as a public road. The ultimate question is: Are the officers of Raymond township free to go upon this strip of ground and open it as a road for public travel without first having paid, or made provision to pay, plaintiff for the damages he may sustain by their acts?

This is the only point presented by plaintiff in his brief, and we will assume that all other questions are waived, and that everything requisite, with the exception of payment of damage, or provision for making payment, has been done. Under the construction given in *State v. Raymond Township,* 100 Neb. 788, to the federal statute pleaded, it does

not change the rule which has long prevailed in this state, viz.:

"Private property in Nebraska cannot be taken or damaged for public use without just compensation therefor, and this rule applies to public authorities exercising the right of eminent domain in establishing and opening public highways." *Johnson v. Peterson,* 85 Neb. 83; *Weinel v. Box Butte County,* 108 Neb. 293.

The judgment of the district court is reversed and the cause remanded, with directions to enter a judgment as prayed in plaintiff's petition restraining defendants from committing the acts threatened until provision is made for the payment, according to law, for any damage plaintiff may sustain by the opening of the road.

REVERSED.

