Sheridan County v. Hand.

---

SHERIDAN COUNTY, APPELLANT, v. JOSEPH HAND, APPELLEE.

FILED OCTOBER 15, 1926.     No. 24630.

1.  Statutes:  CIVIL ADMINISTRATIVE CODE:  SUFFICIENCY OF TITLE. The title of the Civil Administrative Code (Laws 1919, ch. 190), in connection with sections 1, 2, 3, and 4, title 7, art. 11, thereof, being sections 8333-8336, Comp. St. 1922, considered,

and *held*, that such title was sufficiently comprehensive to include such sections.

2. ————: ADOPTION BY REFERENCE. By reference in section 8335, Comp. St. 1922, relating to relocation, alteration and widening of state highways, to sections 1017-1021 to provide method of appropriating land for such highways, the latter sections were thereby adopted; and further, by reference in such section 8335 to sections 1017-1021, the former did not become amendatory of the latter.

3. Constitutional Law: EMINENT DOMAIN: NOTICE. Sections 1017-1021, Comp. St. 1922, considered, and *held*, that the word "nonresident," as used in section 1021, means one not domiciled within the state; *held*, further, that, as neither of these sections provide for notice to be given to resident landowners of the time and place of the appraisers' meeting to inspect the land and assess the damages, such owners are denied due process of law; thus, such sections contravene section 3, art. I, of the Constitution.

APPEAL from the district court for Sheridan county: ROBERT R. DICKSON, JUDGE. *Affirmed.*

O. S. *Spillman, Attorney General, George W. Ayres* and J. H. *Edmunds*, for appellant.

E. D. *Crites, F. A. Crites* and J. E. *Porter, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

THOMPSON, J.

This case was decided by us and the opinion reported in 209 N. W. 741 (advance sheets). A motion for rehearing was filed, upon consideration of which, such opinion was withdrawn.

This is an action, as reflected by the record and as presented at oral argument, as tried and determined in the district court for Sheridan county, wherein the appellee seeks to have the appellant enjoined from establishing a public road over and across his land in such county. Judgment was rendered in his favor, as prayed, against the county and the department of public works, each of which

latter respectively appeals.

The record shows that the county, acting through its proper officers, and at the instance of the department of public works, had proceeded to locate a state highway over and across 160 acres of land in Sheridan county, owned by Hand, a resident of Dawes county, under and by virtue of sections 1, 2, 3, and 4, title 7, art. II, ch. 190, Laws 1919, being a part of our Civil Administrative Code, and especially sections 2 and 3 thereof, which latter sections are, and will be herein referred to as, sections 8334 and 8335, Comp. St. 1922, and in the manner as provided in sections 1092-1096, Rev. St. 1913, which latter are sections 1017-1021, Comp. St. 1922, and are referred to in such section 8335. Hand challenged such procedure of the county for the reason that such sections 8334 and 8335 are unconstitutional and void, in that:

(1) As such sections are without a mode of procedure save and except as they refer to sections 1017-1021, Comp. St. 1922, they are amendatory thereof, and as such amendatory provision is not covered by the title, the sections herein question contravene section 14, art. III of the Constitution, which reads in part as follows: "No law shall be amended unless the new act contain the section or sections as amended, and the section or sections so amended shall be repealed."

(2) The act of which such sections 8334 and 8335 are a part, by their inclusion, contains more than one subject, and such subject is not clearly expressed in the title, therefore the act contravenes the further prohibition of section 14, art. III of the Constitution, wherein it is provided: "No bill shall contain more than one subject, and the same shall be clearly expressed in the title."

(3) That such sections 8334 and 8335, even if they include sections 1017-1021 by reference, in no wise provide for notice to be given the landowner, when as in this case he is a resident of the state, to wit, that of an adjoining county, so that he may have his day in court, hence, they contravene that part of section 3, art. I of the Constitution,

wherein it is provided: "No person shall be deprived of * * * property, without due process of law."

The trial court sustained each of such contentions, and entered judgment as hereinbefore stated. Appellant for reversal challenges such respective holdings.

Considering these claimed errors as lodged, solely in connection with the sections here involved, the holding of the trial court that, by reason of section 8335 adopting as the mode of procedure sections 1017-1021, the former is amendatory of the latter, is erroneous. In *State v. Ure,* 91 Neb. 31, we held:

"The mere fact that an act of the legislature adopts the provisions of prior acts by reference thereto does not render the new act amendatory of the acts to which reference is made if in other respects it is a complete act in itself."

The title of the act in question, so far as is necessary for our consideration, reads as follows: "An act to adopt and establish a code of laws for the state of Nebraska relating to the civil government of the state and to provide for their administration and enforcement to be known as the Civil Administrative Code," etc. Laws 1919, ch. 190.

While the scope and intent of the act is broad, yet it covers but a single thought, to wit, the efficient administration of the civil government of the state, and sections 8334 and 8335 are but relative parts of the objective. In this, it is similar to our Civil and Criminal Codes and other comprehensive enactments, which must necessarily cover many provisions pertinent to its purpose, which purpose must be gleaned from a consideration of the entire act, and not from segregated portions thereof.

Thus considered, the act in question is a complete and independent act, and is not amendatory of other statutes. Hence, we conclude that such act, as to the sections under consideration, covers but one subject; thus it does not contravene section 14, art. III of the Constitution, wherein it is provided: "No bill shall contain more than one subject, and the same shall be clearly expressed in the title."

And, as it is not an amendatory act, it does not run coun-

ter to that provision of section 14, art. III of the Constitution, providing: "No law shall be amended unless the new act contain the section or sections as amended, and the section or sections so amended shall be repealed."

In this conclusion we are sustained by the following authorities: In *Affholder v. State*, 51 Neb. 91, we held: "Section 11, art III of the Constitution (now section 14, art. III) should be so liberally construed as to admit of the insertion in a legislative act of all provisions which, though not specifically expressed in the title, are comprehended within the objects and purposes of the act as expressed in its title, and to admit all provisions which are germane, and not foreign, to the provisions of the act as expressed in its title." *Nebraska Loan & Building Ass'n v. Perkins*, 61 Neb. 254; *DeFrance v. Harmer*, 66 Neb. 14; *Eaton v. Eaton*, 66 Neb. 676; *State v. Loer*, 82 Neb. 602; *Wilkinson v. Lord*, 85 Neb. 136; *State v. Junkin*, 87 Neb. 801; *State v. Ure*, 91 Neb. 31.

As to the challenge of Hand to the constitutionality of the sections under consideration, we have carefully considered section 1019, in connection with the other sections cited, and find a failure to provide for notice to be given the landowner, if a resident of the state, of the application to be made to the county court, or of the court's determination thereof, or of the time and place of the appraisers' meeting to inspect the land and assess the damages. Hence, we conclude that such section denies to such resident landowner due process of law, and therefore contravenes section 3, art. I of the Constitution. This conclusion is in harmony with our holding in *Albin v. Consolidated School District*, 106 Neb. 719, wherein it is *held*:

"Chapter 244, Laws 1919, is unconstitutional for failure to provide for notice to the property owner of the time and place at which the appraisers would meet for the purpose of making their assessment.

"The proceedings being without jurisdiction, the owner did not waive his objection thereto by appealing from the award.

"Actual knowledge of the owner of the appointment of the appraisers under an unconstitutional act cannot operate as a substitute for notice required by due process of law."

Our attention is also called to section 1021. This section, however, provides for notice to a nonresident landowner only. Where the word "nonresident" appears in a statute without qualifications or limitations, it means one not domiciled within the state, the sovereignty. As well said by us in construing a similar section of our statute in *Pacific R. Co. v. Perkins*, 36 Neb. 456: "The word 'nonresident,' in section 100, ch. 16, Comp. St. * * * means a nonresident of the state, and not of the land affected, or of the county where it is situate." Hence, as Hand was a resident of an adjoining county, this section is without application.

The respective contentions of the appellant are sustained as to all points hereinbefore considered, save as to jurisdiction. However, as we have determined that the failure of the statute to provide for notice contravened section 3, art. I of the Constitution, we conclude that the entire proceedings were without jurisdiction. The judgment of the district court dismissing the proceedings for lack of jurisdiction and sustaining the injunction is affirmed. All costs, including those of this court, to be taxed to the county of Sheridan.

                                        AFFIRMED.

Note—See Equity, 21 C. J., pp. 1033-1035. Mortgages, 41 C. J., pp. 775-780.