NENA SCOTT, APPELLANT, V. THOMAS H. DOHRSE, APPELLEE.

FILED APRIL 24, 1936. No. 29804.

*Anson H. Bigelow,* for appellant.

*Mossman, Anderson & Meissner, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

DAY, J.

The appellant has filed a motion for a refund of costs collected by the clerk of this court for the docketing of the appeal under section 33-105, Comp. St. 1929. It provides as follows:

"At the time of filing each transcript, or original suit, or proceeding in the supreme court there shall be paid to the clerk the sum of twenty ($20.00) dollars as a docket fee, and the appellee or adverse party shall pay a docket fee of five ($5.00) dollars upon entering his appearance, or filing a motion, pleading, or brief in the case. These payments shall cover all clerk's fees except that the clerk shall be paid for each copy ordered of any pleading, record or other paper or any part thereof, for each ten words, one cent; for certificate and seal, fifty cents."

Under this statutory provision, the clerk has for many years collected costs in all cases filed in this court upon the filing of a transcript on appeal. This argument arises because of a statute enacted by the recent legislature.

Section 48-175, Comp. St. Supp. 1935, provides: "No filing fees shall be charged by the clerk of any court for any service required by this act." The reference to "this act" is to chapter 57, Laws 1935, and relates to compensation claims. This is a compensation case.

A part of the same act (Comp. St. Supp. 1935, sec. 48-177) provides that any award, order, or judgment for compensation of any court of competent jurisdiction may, as

soon as the same becomes conclusive upon the parties in interest, be filed with the district court of any county in the state, "upon the payment of a fee of one dollar to the clerk of the district court or courts where such order, award or judgment is so filed."

Section 48-174, Comp. St. Supp. 1935, provides for appeal to the supreme court in workmen's compensation cases, and in part reads as follows: "Any appeal from the judgment of the district court shall be prosecuted in accordance with the general laws of the state regulating appeals in actions at law."

The legislative enactment which is quoted above provided that no costs be charged by the clerk of any court for services rendered in a compensation case, and it clearly indicated a legislative intention to relieve the parties of the payment of costs except as noted above in a specific provision for one dollar for filing a transcript of a judgment in the office of the clerk of the district court.

As the docketing of the appeal is essential to the review of the cause, and as review by the supreme court is very obviously contemplated by the express words of section 48-174, Comp. St. Supp. 1935, and as section 33-105, Comp. St. 1929, expressly provides that a fee of $20 shall be paid to the clerk of the supreme court at the time of filing each transcript, original suit, or proceeding, it is clear that conflict exists between sections 33-105 and 48-175. Chapter 57, Laws 1935, of which sections 48-175 is a part, does not expressly purport to amend section 33-105, Comp. St. 1929.

The clerk of the supreme court comes within the purview of the statute which refers to the clerk of "any court," and the docketing of an appeal is a service rendered under the compensation law. Since section 33-105 and section 48-175 are in conflict and cannot be harmonized, the latter amends and modifies the former in so far as it is applied to compensation cases.

The rule is well established in this state that, if an act is complete and independent in itself, it may amend or modify the provisions of existing statutes without controverting

the provisions of the Constitution relating to amendments. *State v. Moorhead,* 100 Neb. 298, 159 N. W. 412; *Sheridan County v. Hand,* 114 Neb. 813, 210 N. W. 273.

It is apparent throughout the act that the legislative intent and purpose was to furnish a quick and sure method of adjudicating compensation claims without expense to the injured workman. We know of no limitation on the power of the legislature to permit litigants to pursue legal remedies without expense to them. In fact, no litigant pays the entire expense of his litigation. The costs fixed by law are only a small part of the cost of the judicial department of our state government. The state has taken a sympathetic interest in injured workmen and their claims for compensation. Whether or not it is desirable to permit one to litigate entirely at the expense of the taxpayers of the state is a matter within the discretion of the legislature. It is sometimes urged that such a policy would greatly increase the number of frivolous appeals. Time will demonstrate the effect in this respect. The mere fact that litigants having access to the courts without the payment of fees may increase frivolous and baseless litigation can in no way affect the construction of these statutes.

Unfortunately, it has been necessary to pay this money collected as costs into the treasury of the state, and we cannot order its return. However, the collection was contrary to the statutory provisions as now construed, and the legislature will undoubtedly make an appropriation for its return.

MOTION OVERRULED.