CLARENCE T. SPIER ET AL., APPELLEES, V. ELMER E. THOMAS, JR., APPELLANT: PERRY M. WHEELER ET AL., APPELLEES.

FILED SEPTEMBER 24, 1936.   No. 29982.

(579)

*Thomas & Thomas, L. Ross Newkirk* and *Jess P. Palmer,* for appellant.

*George C. Pardee, Frederick L. Wolff, David A. Fitch, James T. English* and *Jack W. Marer, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

DAY, J.

This case was brought to obtain a declaratory judgment relative to the eligibility of Elmer E. Thomas, Jr., as a candidate for the office of judge of the municipal court of the city of Omaha. Thomas was one of ten candidates nominated in the primary for this office. All these candidates and the election commissioner of Douglas county were made parties. Only Thomas and the election commissioner made an appearance. The case was tried before Judges Leslie, Thomsen, and Yeager of the district court for Douglas county. Thomas was held ineligible as a candidate for said office under the provisions of section 22-103, Comp. St. 1929, which was held to be a valid and constitutional provision. Thomas appeals from the judgment of the district court.

The eligibility of Thomas as a candidate is questioned solely because of a provision of section 22-103, Comp. St. 1929, as follows: "No person shall be eligible to the office of judge of the municipal court * * * unless he shall have been a regularly admitted and practicing attorney * * * in the state of Nebraska for at least five (5) years." Thomas was admitted as an attorney in Nebraska in November, 1930, and at the same time he was admitted to practice in the federal courts for the district

of Nebraska. These are the only courts to which he has been admitted to practice law. On December 1, 1930, he entered the service of the federal bureau of investigation of the department of justice of the United States and continued in this service until September, 1933, after which he opened an office in Omaha and has practiced law there to date.

It is contended by the appellant that he was practicing law during the period of his service for the government. Appellant is the only witness in the case. The appellant bases his contention that he was practicing law, first, upon the fact that a requirement for appointment to the service in which he was engaged was that he be admitted to practice law. This does not establish that he practiced law. There are numerous positions which are open only to attorneys, and whether they practice law while working in those positions depends entirely upon the nature of their duties.

The appellant claims that his duties were such that he was practicing law. To use his own words, his principal work was "that of an investigator of the facts to be produced in the trial of the cases." He sat at the counsel table with the district attorney during the trial of some of the cases he investigated. He prepared summaries and briefs of the facts in the various cases. In some cases upon his own initiative he prepared briefs on the law, which, however, were never presented to any court. He was not required to and did not try cases for the government.

He was not an attorney of record in any case, did not examine any witnesses or make any argument to the court. He did appear before the United States commissioner at Sioux Falls and Chicago. But he does not believe that it was necessary to be admitted to practice in the district to appear before the commissioner. The record does not reveal the nature of his appearance and whether it differed from the time he sat at the counsel table with the district attorney at the trial of cases in the district court. A

majority of the judges are of the opinion that the duties of the appellant were those of an investigator of the facts relating to offenses against the federal law for the assistance of the district attorneys, and did not constitute the practice of law.

The practice of law has recently been defined by this court. In *State v. Barlow, ante,* p. 294, 268 N. W. 95, it was said: "Practice of law includes not only the trial of causes in court and the preparation of pleadings to be filed in court, but also includes drawing, and advising as to the legal effect of, petitions for the probate of wills, drawing of wills, deeds, mortgages and other instruments of like character, where a legal knowledge is required and where counsel and advice are given with respect to the validity and legal effect of such instruments." The opinion also states: "An all-embracing definition of the term 'practice of law' would involve great difficulty." But in the present case as in the *Barlow* case, the foregoing definition is sufficient. The appellant did none of these things.

The appellant cites and relies upon *Land Title Abstract & Trust Co. v. Dworken,* 129 Ohio St. 23, 193 N. E. 650. The definition given in that case is: "The practice of law is not limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and in addition conveyancing, the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law."

*In re Duncan,* 83 S. Car. 186, 65 S. E. 210, is also cited. But the definition therein does not differ substantially from those heretofore cited. Under these definitions, the conclusion is forced upon us that Thomas was an agent of the government, and that the relation of attorney and client did not exist. One authority states the rule distinguishing an attorney from an agent as fol-

lows: "In order to constitute the relation a professional one and not merely one of principal and agent, the attorney must be employed either to give advice upon a legal point, to prosecute or defend an action in a court of justice, or to prepare and draft, in legal form, such papers as deeds, wills, contracts, and the like." 6 C. J. 631.

We are further supported in this conclusion by the testimony of the appellant. He testified: "I at all times intended to come back here (Omaha) and carry on the practice of law." And again: "Well, I haven't stated that I considered any of it practicing law, I am simply telling facts of the type of work I did, without classification."

However, the decision of this case does not depend solely upon the determination of that question. The statute provides that, to be eligible for the office of judge of the municipal court, one shall have been a practicing attorney in the state of Nebraska for at least five years. The language is simple and unambiguous and means exactly what the ordinary meaning of the words implies. The record reveals that Thomas was not a practicing attorney in the state of Nebraska until September, 1933, when he opened his office in Omaha. He had no office, no clients, and did not appear in court in connection with any litigation. He did none of the things in Nebraska connected with the duties of his service with the government which he seriously contends constituted the practice of law. The only duty he performed in Nebraska was to interview a few witnesses. He was not present at the trial of any case in Nebraska. He was not admitted to practice law in the courts of any other state. It is presumed that he was not practicing elsewhere. Clearly, therefore, Thomas is not eligible as a candidate for the office of judge of the municipal court of the city of Omaha under the provisions of section 22-103, Comp. St. 1929.

The facts in the cited case of *Barr v. Cardell,* 173 Ia. 18, 155 N. W. 312, are so different from the case at bar that it is not helpful here. Under a similar statute con-

cerning eligibility for office, the court held that a lawyer who discontinued trial work but consulted clients at his office, gave advice, prepared contracts, wills, and other instruments, and attended to some probate matters was a practicing attorney. Thomas does not come within this definition as a practicing attorney.

However, the constitutionality of section 22-103, Comp. St. 1929, is challenged as violative of section 14, art. III of the Constitution, which provides: "No bill shall contain more than one subject, and the same shall be clearly expressed in the title. And no law shall be amended unless the new act contain the section or sections as amended, and the section or sections so amended shall be repealed." The appellant argues that, first, the subject is not clearly expressed in the title of the act of which this section is a part; and secondly, the section is clearly amendatory of section 1204, Comp. St. 1922, and therefore violates the above constitutional requirement that the new act "contain the section * * * as amended, and the section * * * so amended shall be repealed."

Section 22-103, Comp. St. 1929, was enacted in 1929, as a section of chapter 82, Laws 1929. This chapter, consisting of 203 sections, had for its purpose the adoption of a complete new Code of Procedure for municipal courts in cities of a certain class, of which Omaha is one. It repealed all the sections relating to such municipal courts. The former provisions did not constitute a complete Code of Procedure for municipal courts.

The title of the 203 sections that compose chapter 82, Laws 1929, now chapter 22, Compiled Statutes 1929, is, so far as material, as follows:

"An act relating to courts and to municipal courts in cities of the metropolitan class and in cities of the first class having a population of more than forty thousand and less than one hundred thousand and to repeal original section 1201 of the Compiled Statutes of Nebraska for 1922 * * * original section 1202 * * * original sections 1203, 1204, 1205 and 1206 of the Compiled Statutes of the

state of Nebraska for 1922; original section 1207 * * * original section 1208 * * * original section 1209 * * * original section 1213 * * * original sections 1214, 1215, 1216, 1217, 1218 and 1219 of the Compiled Statutes of the state of Nebraska for 1922, and to declare an emergency."

It will be noted that the title relates to courts and to municipal courts in cities of the metropolitan class, and that it repeals the old act including section 1204, Comp. St. 1922. The title is "such as to give reasonable notice to the members of the legislature and others interested" that section 1204, Comp. St. 1922, concerning the eligibility of candidates for judge of the municipal court was to be repealed with the other provisions of the old act, and that a complete and independent act was being adopted relating to municipal courts.

The purpose of the constitutional provision limiting a legislative enactment to the object expressed in the title is to challenge the attention of those affected by the provisions of the act and to prevent surreptitious legislation. However, the rule in this state for a long time has been: "The provisions of * * * the Constitution should be liberally construed so as to uphold a provision in a legislative act which, though not specifically expressed in the title, is germane to the subject-matter, and comprehended within the objects and purposes, of the act." *Pandolfo v. State,* 120 Neb. 616, 234 N. W. 483. It is not necessary for the title to analyze the bill in detail. In *State v. Price,* 127 Neb. 132, 254 N. W. 889, it is said: "If by a fair and reasonable construction the title calls attention to the subject-matter of the bill, it may be said that the object is expressed in the title." In an earlier case, *Nebraska Loan & Building Ass'n v. Perkins,* 61 Neb. 254, 85 N. W. 67, it was stated: "It is not essential that the title chosen by the legislature be the most appropriate; if it indicates the scope and purpose of the act, it is sufficient. * * * Neither is it necessary that the title inform its readers of the specific contents of the bill. If it indicates the subject of

the proposed legislation, it meets all essential requirements. It needs not that it be a complete abstract and epitome of the contents of the bill." The title of the Civil Administrative Code (Laws 1919, ch. 190) "to adopt and establish a Code of Laws for the state of Nebraska relating to the civil government of the state and to provide for their administration and enforcement, to be known as the Civil Administrative Code," was held to express the general subject with sufficient clarity to include the regulation of banking by penalizing a banker's acceptance of deposits, with knowledge of the bank's insolvency. *Westbrook v. State,* 120 Neb. 625, 234 N. W. 579. See, also, *Sheridan County v. Hand,* 114 Neb. 813, 210 N. W. 273. An examination of the cases discloses that a title is sufficient to uphold a provision, though not specifically expressed, if it is germane to the subject-matter and within the purposes of the act.

The title under consideration here, "An act relating to municipal courts," is sufficient to include a section providing for the eligibility of judges of said court, such subject being germane to the subject-matter and within the purposes of the act as expressed in the title.

The second contention of the appellant is that the section is amendatory of section 1204, Comp. St. 1922, and therefore violates the constitutional provision that requires that the new act contain the section as amended, and that the section so amended shall be repealed. Chapter 82, Laws 1929, of which section 22-103, Comp. St. 1929, was a part, purported to be and was a complete and independent act dealing with the whole subject of municipal courts. It is the well-established rule in this jurisdiction that a statute complete in itself is not within the provision of the Constitution requiring a new act to contain section or sections as amended, notwithstanding the new act by implication may modify or repeal prior acts or parts thereof. *State v. Lehmkuhl,* 127 Neb. 812, 257 N. W. 229. The provision in this act did not amend, modify, or repeal any original act by implication, because the act itself specifically repealed

the former sections. Surely an act can do directly that which it can do indirectly. No good reason suggests itself why a complete and independent act cannot specifically repeal prior acts or parts of acts if it can do so by implication. The rule applicable in this case is that a statute complete in itself is not within the provisions of the Constitution requiring a new act to contain section or sections as amended, even though it specifically repeals prior acts or parts thereof.

In *State v. Lehmkuhl, supra,* Mr. Justice Rose stated the rule adequately in the following language. "The constitutional provisions relating to the amendment of statutes should receive a reasonable and liberal construction, with a view to upholding legislative acts and not unnecessarily hampering the work of legislation."

Several cases are cited by the appellant which dealt with acts which were strictly amendatory and were not complete and independent in themselves. Time and space do not permit a complete analysis of these cases. It seems sufficient to state that this case comes within the rule of *State v. Lehmkuhl, supra,* and *Sheridan County v. Hand, supra,* and that the court is content to adhere to the rules there announced.

As a logical conclusion to the foregoing discussion of the issues presented by this record, it follows, therefore, that the judgment of the trial court was the proper one, and that it should not be disturbed.

AFFIRMED.