MARIE LEE, APPELLANT, v. LINCOLN CLEANING & DYE
WORKS ET AL., APPELLEES.

14 N. W. 2d 227

FILED APRIL 28, 1944. No. 31755.

*Frederick J. Patz*, for appellant.

*Baylor, TouVelle & Healey*, contra.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEA-GER, CHAPPELL and WENKE, JJ.

MESSMORE, J.

The appellees move to dismiss this appeal for the reason that this court is without jurisdiction of the subject matter, in that the appellant neglected and failed to deposit with the clerk of the district court for Lancaster county a docket fee, in the amount of $20, as is required by law. Attached to the motion is a certificate of the clerk of the district court, setting forth that the filing fee of $20 was never paid through the office of the clerk of the district court. This court has held in *Barney v. Platte Valley Public Power and Irrigation District, ante,* p. 230, 13 N. W. 2d 120, the following:

"The supreme court has no power to exercise appellate jurisdiction in proceedings to review the judgment of a district court in civil cases unless the appellant shall have filed a notice of appeal and deposited the docket fee in the office of the clerk of the district court within the time fixed and as provided in section 20-1912, Comp. St. Supp. 1941."

This court in *Scott v. Dohrse*, 130 Neb. 847, 266 N. W. 709, held: "Chapter 57, Laws 1935, is a complete and independent act in itself" in ruling on a motion to refund costs collected by the clerk of the supreme court for the docketing of an appeal, under section 33-105, Comp. St. 1929, which provides, in substance, that at the time of filing each transcript or an original suit or proceeding in the supreme court there shall be paid to the clerk the sum of $20 as a docket fee.

Section 48-175, Comp. St. Supp. 1935 (a part of chapter 57, Laws 1935, and now appearing as section 48-175, Comp. St. Supp. 1941), provides: "No filing fees shall be charged by the clerk of any court for any service required by this Act" specifically referring to compensation cases under such act, which is a complete and independent act in itself.

Appellees contend that section 20-1912, Comp. St. Supp. 1941, a procedural act making the payment of a docket fee mandatory and making no exception in compensation cases, would, in effect, nullify or make inapplicable *Scott v. Dohrse, supra,* and that the procedural act passed in 1941 is a complete and independent act in itself.

Chapter 57, Laws 1935, is a complete and independent act in itself. True, it is in conflict with section 20-1912, Comp. St. Supp. 1941. Nevertheless, in so far as said section 48-175 is concerned, it modifies section 20-1912, Comp. St. Supp. 1941, in so far as said section applies to compensation cases. The very nature of the workmen's compensation act and the purpose for which it has been established, which we need not detail, discloses conclusively the reason for its being complete, separate, distinct and independent, as against civil cases generally, to which section 20-1912, Comp. St. Supp. 1941, applies. In view of *Scott v. Dohrse,*

*supra,* and in view of the workmen's compensation law, it is obvious that the legislature did not intend that the provisions of section 20-1912, Comp. St. Supp. 1941, would apply to the workmen's compensation law, in so far as filing fees are concerned. *Scott v. Dohrse, supra,* pronounces the well-established rule: "If an act is complete and independent in itself, it may * * * modify the provisions of existing statutes without controverting the provisions of the Constitution relating to amendments." See, also, *State ex rel. Crosby v. Moorhead,* 100 Neb. 298, 159 N. W. 412; *Sheridan County v. Hand,* 114 Neb. 813, 210 N. W. 273.

The legislative intent was to furnish a sure method of adjudicating compensation claims without expense to the injured workman. We know of no limitation on the power of the legislature to permit litigants to pursue legal remedies without expense to them. The state has taken a sympathetic interest in injured workmen and their claims for compensation, and this matter is within the discretion of the legislature. *Scott v. Dohrse, supra.*

It will be observed that the general statute governing appeals in civil cases was adopted in 1941, while the special act dealing with appeals in compensation cases, they also being civil cases, was enacted in 1935. Does the later general statute supersede the earlier special enactment?

The general rule in such cases is: "It is a fundamental rule that where the general statute, if standing alone, would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute, whether it was passed before or after such general enactment. Where the special statute is later, it will be regarded as an exception to, or qualification of, the prior general one; and where the general act is later, the special statute will be construed as remaining an exception to its terms, unless it is repealed in express words or by necessary implication." 59 C. J. 1057.

In *State ex rel. Missouri P. Ry. Co. v. Clarke,* 98 Neb. 566, 153 N. W. 623, this court held: "A particular intention expressed in a legislative act, if in conflict with a general

intention expressed in a later enactment, should be given effect, leaving the later act to operate only outside of the scope of the former."

In *State ex rel. Lutt v. Raymond Township*, 100 Neb. 788, 161 N. W. 426, we said: "The enactments do not contain contradictory or inconsistent provisions. The act of 1889 contains a special provision relating to highways in the Sioux Indian reservation. The act of 1901 is a general one and does not in direct terms or by implication amend or repeal the former law. Both may be enforced as enacted." See, also, *State v. Kastle*, 120 Neb. 758, 235 N. W. 458; *In re Yellow Cab & Baggage Co.*, 126 Neb. 138, 253 N. W. 80; *Plattsmouth Bridge Co. v. Turner*, 128 Neb. 738, 260 N. W. 562. We necessarily conclude that section 48-175, Comp. St. Supp. 1941, remains in force, unaffected by the subsequent enactment of section 20-1912, Comp. St. Supp. 1941.

We conclude that section 20-1912, Comp. St. Supp. 1941, as interpreted in *Barney v. Platte Valley Public Power and Irrigation District, supra,* does not apply to filing fees as provided by section 48-175, Comp. St. Supp. 1941, which is a part of chapter 57, Laws 1935, it being a complete and independent act by which filing fees in compensation cases were placed in a class by themselves by special legislative enactment.

The motion to dismiss the appeal is overruled.

MOTION TO DISMISS OVERRULED.