FONTENELLE FOREST ASSOCIATION, APPELLANT, V.
SARPY COUNTY, APPELLEE.

FILED JULY 5, 1929. No. 26765.

*Will H. Thompson,* for appellant.

*William P. Nolan* and *E. S. Nickerson, contra.*

Heard before GOSS, C. J., ROSE, DEAN, THOMPSON, EBERLY and DAY, JJ., and STEWART, District Judge.

DEAN, J.

This suit was begun by the Fontenelle Forest Association, plaintiff, against Sarpy county, defendant, in the district court for that county, to cancel certain taxes, or assessments, levied against the property of plaintiff, and to enjoin county officials from collecting such taxes or thereafter attempting to levy any taxes upon the association's property. The court dismissed the plaintiff's action. Thereupon an appeal was prosecuted to this court by the plaintiff association.

The Fontenelle Forest Association, hereinafter called the

association, became an incorporated body in 1913 by a special act of the legislature which appears as sections 623-633, Comp. St. 1922. The act provides generally that the corporation shall consist of certain citizens who are named therein and also provides for the election of their successors. The association is also empowered to adopt by-laws and to elect officers from its membership. And it is also provided in the articles of incorporation that no compensation shall be received by such members, nor shall any member be pecuniarily interested directly or indirectly in any contract relating to affairs of the corporation, nor shall the association make any dividend or division of its property among the members or officers. Seven of the association's members, elected by the corporation, and including the president, vice-president, secretary and treasurer, shall constitute a council and conduct the affairs of the association under the general direction and approval of the corporation.

Sections 623, 624, and 629, Comp. St. 1922, outline the main object of the creation and establishment of the association in the following language:

"Section 623. A corporation is hereby created and established which shall be known as the 'Fontenelle Forest Association.' It shall be and remain, at all times, under the patronage and control of the state, and its powers and obligations may, at the pleasure of the legislature, be enlarged, contracted or otherwise changed by amendment of this charter.

"Section 624. The object of this association shall be the securing and developing, for the education of the public, of lands lying along the Missouri river in Douglas and Sarpy counties, Nebraska."

"Section 629. This corporation shall have no capital stock, and shall have no power to sell, mortgage or otherwise incumber its property; and all of its property, being held in trust for the education of the public, shall be exempt from taxation."

Following the above sections, the act provides that the

corporation shall have authority to secure possession of suitable lands, and to receive appropriations of funds from national, state, and municipal governments, and to secure moneys by private subscription for the upkeep of the property and the like. Section 630. And it is also provided (section 631) that the association shall "preserve and renew the forest growth and native bird-life" upon all of the land, and that it may construct necessary buildings and establish botanical and zoological gardens, with other features necessary to promote the object of the association. Section 632. It is also provided that the corporation may arrange other grades of affiliation for the purpose of raising funds for the carrying out of the objects of the association. Section 633.

The secretary of the association has been such officer for more than ten years. He testified that no revenue from any farming operations had ever been collected by the association, nor had any of the land ever been rented to any person. In respect of a tract of alfalfa ground, consisting of five to seven acres, the secretary testified that this tract was without trees or other growth. When asked to tell why "this particular point" was kept clear, he informed the court that it was "to preserve an especially good view from that tract of land, and to develop some growth of plants that we wouldn't get inside of timbered land." On the cross-examination he testified that no portion of the land, except the small tract above mentioned, had ever been farmed, and that no buildings had been constructed, nor had any general landscaping been done, and that very little fencing had been built, nor was the underbrush removed. And from his evidence it appears that the property is being kept, in part, to preserve bird life, of which there is a great variety in the vicinity, and also because it is visited by many people. No driving is permitted inside the grounds, nor is any one permitted to enter the grounds with fire-arms, and the molestation of birds or of animals by any person is strictly prohibited. One of the Sarpy county commissioners testified that no buildings or improvements

or botanical gardens or the like are on the land, nor have any been placed thereon since the land was acquired by the association.

In *Herman v. City of Omaha*, 75 Neb. 489, we held that public parks of a city are not taxable.

"The immunity of the property of the state, and of its political subdivisions, from taxation does not result from a want of power in the legislature to subject such property to taxation. The state may, if it sees fit, subject its property, and the property owned by its municipal divisions, to taxation, in common with other property within its territory. But inasmuch as taxation of public property would necessarily involve other taxation for the payment of the taxes so laid, and thus the public would be taxing itself in order to raise money to pay over to itself, the inference of law is that the general language of statutes prescribing the property which shall be taxable is not applicable to the property of the state or its municipalities. Such property is, therefore, by implication, excluded from the operation of laws imposing taxation, unless there is a clear expression of intent to include it." *Trustees of Public Schools v. City of Trenton*, 30 N. J. Eq. 667, 681.

"The taxing power vested in the legislature is without limit, except such as may be prescribed by the Constitution itself. The maxim, *expressio unius est exclusio alterius*, does not apply in the construction of constitutional provisions regulating the taxing power of the legislature." *State v. Lancaster County*, 4 Neb. 537.

In the absence of constitutional inhibition, it appears that the legislative power to impose taxes lies within its discretion. In the present case the legislature has provided, as above pointed out, that the real estate known to this record as the Fontenelle Forest Association shall be exempt from taxation, and this on the ground that such association real estate is "held in trust for the education of the public." It follows that any relief that the defendant city feels it is entitled to should be addressed to the legislature.

"The property of the several states is not subject to taxation by the federal government, and while in the absence of any constitutional prohibition the state might tax its own property, it is presumed that no legislature intends to lay taxes on the state's own property, and therefore such property, even when not exempted from taxation by constitutional or statutory provisions, is so exempted by necessary implication, unless unmistakably included in the tax laws. The public property which is thus exempt includes all property which in fact and equitably belongs wholly to the state, no matter on what basis its title rests, and no matter in what person or body the legal title may temporarily be lodged; and these rules apply not only to land but also to personal property of all descriptions, including corporate stock, banks, railroads, and other institutions wholly owned and controlled by the state; but it is only such property as may properly be said to belong to the state that is exempt, and it is not sufficient that the state may have some indirect or expectant interest therein." 37 Cyc. 872.

The judgment of the district court is reversed, with directions that a judgment be entered in conformity with the views set forth herein.

REVERSED.

Note—See Taxation, 37 Cyc. 724 n. 33, 872 n. 94, 885 n. 92; 57 L. R. A. 34; 26 R. C. L. 27; 3 R. C. L. Supp. 1457; 4 R. C. L. Supp. 1635; 7 R. C. L. Supp. 873.