G. B. LENNOX ET AL., APPELLANTS, V. HOUSING AUTHORITY OF THE CITY OF OMAHA ET AL., APPELLEES.

290 N. W. 451

FILED FEBRUARY 23, 1940. No. 30841.

*Kelso A. Morgan* and *Burbank & Burbank,* for appellants.

*Philip M. Klutznick, Eugene D. O'Sullivan, Harold C. Linahan, W. W. Wenstrand* and *Edward Sklenicka, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is an appeal from a judgment of the district court for Douglas county dismissing plaintiff's petition in which a declaratory judgment as to the constitutionality of chapter 29, Laws 1935, and chapters 91, 92, 93 and 94, Laws 1937, commonly called the housing authority acts, was sought.

This suit was filed by plaintiffs in behalf of themselves and all others similarly situated. One of the plaintiffs is a property owner and taxpayer within the territorial limits of the housing authority project involved herein. The other plaintiffs own property outside the project and are taxpayers in the city of Omaha. The Housing Authority of the city of Omaha, the city of Omaha and their respective officers are made parties defendant. It is alleged that the Housing Authority of the city of Omaha was created under the provisions of chapter 29, Laws 1935, heretofore described, and that all of said act is wholly unconstitutional and void, because (a) it delegates legislative authority to

the governing board of the city and the five persons appointed to constitute the housing authority, contrary to section 1, art. II, and section 1, art. III of the state Constitution; (b) it fails to set up rules, standards and criteria to determine where a project is to be established, thereby resulting in the taking of private property without due process of law in violation of section 3, art. I of the state Constitution, and the Fourteenth Amendment to the Constitution of the United States; (c) that the body of the act is broader than its title, and (d) that the title contains more than one subject, contrary to section 14, art. III, of the state Constitution. For the foregoing reasons it is contended that the act is absolutely null and void. It is then alleged that the legislature at its 1937 session passed chapter 92, Laws 1937, to legalize the creation and establishment of housing authorities in metropolitan cities and to make valid the unconstitutional provisions of chapter 29, Laws 1935. Plaintiff contends that said chapter 92, Laws 1937, has no such validating effect. The petition alleges that a legislative policy was for the first time announced with the enactment of chapters 91, 93 and 94, Laws 1937, wherein the legislature finds that conditions exist in the state which constitute a menace to the health, safety, morals and welfare of its residents and justifies the enactment of the housing authority acts. It is contended that all of said acts delegate legislative authority contrary to constitutional provisions; that all of said acts passed by the 1937 legislature are amendatory of and supplemental to the 1935 act, although they were passed as independent acts; that all of said acts purport to take property for a public purpose to correct an emergent condition, where in fact there is no public purpose and no emergent condition, and that said acts are therefore prohibited by sections 3, 21 and 25, art. I of the state Constitution, and the Fourteenth Amendment to the federal Constitution; and that said acts are class legislation inhibited by section 18, art. III of the state Constitution. It is further contended that section 4, ch. 91, Laws 1937, authorizing the housing authority to sell

property to the federal government, contravenes the due process clauses of the state and federal Constitutions. There is set out in the petition the ordinance passed by the city council of the city of Omaha, creating the housing authority; a copy of an agreement releasing taxes and other charges; a copy of the cooperation agreement between the city of Omaha and the housing authority, the resolution of approval on the part of the city and the authorization of Project No. Nebraska 1-2, involved herein. It is contended that the proceedings set out do not conform to the applicable statutes, and, if they do, that said statutes are violative of sections 3, 16, 21, 24 and 25, art. I; section 1, art II; sections 1, 14 and 18, art. III; sections 1, 2, 4, 6 and 7, art. VIII of the state Constitution, and the Fifth and Fourteenth Amendments to the Constitution of the United States.

Plaintiffs contend that chapter 29, Laws 1935, is unconstitutional for the reasons hereinbefore set out, and that the attempt of the legislature to validate the acts performed thereunder by the enactment of chapter 92, Laws 1937, is ineffective for any purpose. The aforesaid validating act says: "The creation and establishment of housing authorities under the provisions of chapter 29, Session Laws of Nebraska, 1935, and any amendments thereto, together with all proceedings, acts and things undertaken, performed or done with reference thereto, are hereby validated, ratified, confirmed, approved and declared legal in all respects," etc. Plaintiffs contend that a statute purporting to validate, ratify and confirm an act will not correct a constitutional defect in an act previously passed. We do not feel that it is necessary to pass upon that point in connection with the matter presently before us for the reason that the legislature did not attempt to validate the prior statute but undertook merely to validate all proceedings taken under the former act. The validating act was general and not special legislation. Neither is it shown that any vested rights have been destroyed or any obligation of contracts impaired. New housing authority statutes were enacted governing the future conduct of the corporations therein created. We

think the general rule is that the legislature may validate irregular or unauthorized acts of quasi municipal and public corporations which it lawfully could have authorized originally, or which are defective as to matters with which it could have dispensed, and that it may cure the invalid creation of such bodies. 16 C. J. S. 879, sec. 428. The housing authority acts passed by the 1937 legislature were all approved on May 18, 1937, and became effective on the same date. They should therefore be considered together. All proceedings and undertakings performed with reference to chapter 29, Laws 1935, are therefore properly validated, providing the legislature had the power to authorize said proceedings in the first instance.

We are convinced that chapters 91, 92, 93 and 94, Laws 1937, are independent acts, complete in themselves. This being true, they may change, modify or repeal prior enactments without violating section 14, art. III of the Constitution, relating to amendments. *Hinman v. Temple,* 133 Neb. 268, 274 N. W. 605; *State v. Lehmkuhl,* 127 Neb. 812, 257 N. W. 229. It is true that sections 6, 9 and 12, ch. 29, Laws 1935, were repealed by section 19, ch. 94, Laws 1937, and the title to the act, as well as the act itself, so states. It is also true that sections 6 and 12, ch. 29, Laws 1935, were actually rewritten in the form of an amendment in chapter 94, Laws 1937, but the title of the act and the act itself met constitutional requirements in this respect.

It is alleged that necessary constitutional requirements were not met in the adoption of chapter 29, Laws 1935. The fact remains, however, that said act is presumed to be constitutional. There has been no judicial determination of invalidity. In 1937, chapter 94, Laws 1937, was enacted and it is contended that it supplies any defects that may have existed in the former law. The legislature also enacted chapters 91, 92 and 93, Laws 1937, having to do with housing authorities in cities of the metropolitan class. In a test of the legality of the creation, organization, operations and purposes of the housing authority of the city of Omaha, we necessarily conclude that chapter 29, Laws 1935, and

chapters 91, 92, 93 and 94, Laws 1937, must be construed together. All parts of chapter 29, Laws 1935, which have been repealed are clearly noted. All changes in the form of amendments are clearly specified. In addition thereto it is provided by chapter 94, Laws 1937, that, in case of any possible inconsistencies, it shall control over any previous act. The result is that the 1937 acts validate all actions done under the 1935 law, supply requirements allegedly necessary to sustain the corporate existence and functions of the housing authority of the city of Omaha and grants new and independent powers by enacting new provisions into the law. We know of no reason why an earlier law, neither repealed by the legislature nor invalidated by the courts and presumed to be constitutional, should not be considered in connection with subsequent independent acts, in determining whether constitutional requirements have been met in effecting the purposes of the legislature. *Pierson v. Faulkner,* 134 Neb. 865, 279 N. W. 813; *Dornan v. Philadelphia Housing Authority,* 331 Pa. St. 209, 200 Atl. 834; *Krause v. Peoria Housing Authority,* 370 Ill. 356, 19 N. E. (2d) 193.

In the Illinois case last cited it appears that the legislature passed a housing authority act in 1934 which did not prescribe adequate standards in the delegation of duties to the state housing board provided for by the act contrary to constitutional requirements. The legislature in 1937 attempted to remedy the defects by amendment and the supreme court of Illinois held that such amendment effectually corrected the defects of the former act. *Krause v. Peoria Housing Authority,* 370 Ill. 356, 19 N. E. (2d) 193. We think the same result must obtain where the remedy is enacted by a supplemental and independent statute.

Plaintiffs contend for the rule announced in *Central Nat. Bank v. Sutherland,* 113 Neb. 126, 202 N. W. 428, wherein the court said: "If a legislative act when enacted is violative of the provisions of our Constitution, it cannot subsequently become a valid law merely because the reason for its invalidity has been removed, without being subsequently reenacted

by the legislature." This is undoubtedly the rule where the subject of the proposed legislation was at the time prohibited by the Constitution. But if the subject of the legislation be permitted by the Constitution, and the claims of unconstitutionality are directed toward the form and sufficiency of the act, we doubt not that such irregularities may be supplied by subsequent legislation where obligations of contracts and accrued vested rights are not thereby impaired and there has been no intervening adjudication of unconstitutionality.

In determining the validity of the housing acts, we will therefore treat chapter 29, Laws 1935, and chapters 91, 92, 93 and 94, Laws 1937, as being *pari materia.* The constitutionality of chapter 29, Laws 1935, can be properly considered only if chapter 94, Laws 1937, be treated as supplemental to it, and in effect an integral part of it. The question of constitutionality will therefore be considered with this view of the situation in mind.

Plaintiffs contend that the legislation before us was not enacted for a public purpose. In enacting the legislation, the legislature made certain findings to the effect that conditions existed relative to slum clearance and low income housing which required the establishment of sanitary and wholesome housing projects in cities of the metropolitan class with a view of promoting health and sanitation and preventing the spread of crime and disease. The findings of the legislature, while not absolutely controlling, are entitled to great weight. It is obvious that the legislation was passed in the exercise of the police power of the state to protect the health, safety, morals and general welfare of its people. We think that these objectives subserve a public purpose and as such are proper subjects for legislative action. Many states have enacted similar laws and we are impressed with the unanimity with which they have been upheld as being for a public purpose. *Dornan v. Philadelphia Housing Authority*, 331 Pa. St. 209, 200 Atl. 834; *Rutherford v. City of Great Falls,* 107 Mont. 512, 86 Pac. (2d) 656; *Marvin v. Housing Authority of Jacksonville*, 133

Fla. 590, 183 So. 145; *Housing Authority of County of Los Angeles v. Dockweiler,* 94 Pac. (2d) (Cal.) 794. The legislation being for a public purpose, the legislature may properly grant the right of eminent domain to housing authorities without constitutional violation, assuming, of course, that just compensation will be made to owners of property taken or damaged. *Rutherford v. City of Great Falls,* 107 Mont. 512, 86 Pac. (2d) 656; *Matter of New York City Housing Authority v. Muller,* 270 N. Y. 333, 1 N. E. (2d) 153; *Romano v. Housing Authority of the City of Newark,* 123 N. J. Law, 428, 10 Atl. (2d) 181; *Allydonn Realty Corporation v. Holyoke Housing Authority,* 23 N. E. (2d) (Mass.) 665.

The contention is advanced that the legislation delegates legislative powers to the city council of the city of Omaha and to the Housing Authority of the city of Omaha, contrary to section 1, art. II, and section 1, art. III of the Nebraska Constitution. The part of the legislation to which plaintiffs specifically refer is that part of section 3, ch. 29, Laws 1935, which says in part: "When it has been determined by the governing body of any metropolitan city, by ordinance in the exercise of its discretion, that it is expedient to create a housing authority, the mayor of such city, with the approval of the governing body of the city shall appoint five persons who shall constitute the housing authority." This does not delegate legislative authority to the governing body of the city. It merely provides the contingency upon the happening of which the enacted legislation becomes operative. Under many statutes, the future contingent event upon which the operation of the law depends is the favorable result of a popular election. The providing of such contingencies upon which the law might properly be limited to take effect does not constitute a delegation of legislative power. The applicable rule is: The legislature cannot delegate its powers to make a law, but it can make a law to become operative on the happening of a certain contingency or on an ascertainment of a fact upon which the law intends to make its own action depend. *State*

*v. Frear*, 142 Wis. 320, 125 N. W. 961; *State v. Sullivan,* 67 Minn. 379, 69 N. W. 1094; *Edwards v. Housing Authority of City of Muncie,* 19 N. E. (2d) (Ind.) 741; *Housing Authority of County of Los Angeles v. Dockweiler,* 94 Pac. (2d) (Cal.) 794.

It is also contended that subdivisions (b) and (c) of section 5, ch. 29, Laws 1935, constitute a delegation of legislative powers to the housing authority. Subdivision (b) provides in substance that the housing authority shall have power to determine what areas are unsanitary or substandard, and to prepare plans for projects in such areas; to acquire property for the development and to hold title thereto; to construct such project and to operate the property and establish rent schedules; and to perform many other designated acts in furthering the construction and operation of such projects.

It must be borne in mind that it is for the legislature to determine what the law shall be; to create rights, duties and powers, and provide the general mode of conduct to be followed. This does not mean that the legislature must lay down a strict rule which must be followed by an administrative officer or board, but that such persons or boards may be vested by the legislature within reasonable limits with the exercise of judgment in carrying out the expressed legislative purpose of the act. To ascertain and determine whether a certain area is unsanitary and substandard within the meaning of the act is an administrative function. The other functions prescribed in subdivision (b) are likewise rights, duties and powers properly delegated to the housing authority as the administrative agency. It cannot be seriously disputed that the legislature is clothed with power to delegate to administrative boards and agencies of the state the power of ascertaining the facts upon which the laws are to be applied and enforced. It may also authorize the doing of specific acts necessary to the furtherance of the purposes of the act. Such delegations of power and authorizations of acts do not transcend constitutional inhibitions so long as the law-making power is wholly reserved to the legislature

and no part thereof has been delegated to any other governmental subdivision, board or agency. *State v. Howard,* 96 Neb. 278, 147 N. W. 689; *Wells v. Housing Authority,* 213 N. Car. 744, 197 S. E. 693; *Dornan v. Philadelphia Housing Authority,* 331 Pa. St. 209, 200 Atl. 834; *Knoxville Housing Authority v. City of Knoxville,* 174 Tenn. 76, 123 S. W. (2d) 1085; *Chapman v. Huntington, W. Va., Housing Authority,* 3 S. E. (2d) (W. Va.) 502.

Plaintiffs contend that subdivision (c) of section 5, ch. 29, Laws 1935, constitutes an unlawful delegation of legislative power. This subdivision states: "To do all things necessary or convenient to carry out the powers expressly given in this act." We fail to see where this subdivision adds anything to the act in so far as a determination of constitutionality is concerned. The powers therein alleged to be delegated are limited to powers expressly granted which we hold to be administrative in character.

It is contended that chapter 29, Laws 1935, fails completely to make any legislative finding of convenience and necessity. However, chapters 91, 93 and 94, Laws 1937, found that certain harmful conditions exist. A remedy for these harmful conditions is provided. The determination of facts to ascertain whether a given locality contains the harmful conditions for which the housing authority acts were passed to rectify, does not constitute a delegation of legislative power.

To specifically discuss all of the alleged unlawful delegations of legislative authority would unduly extend this opinion. Suffice it to say that the housing authority acts involved herein have been carefully examined and we are convinced that constitutional requirements in that respect have not been transgressed.

Plaintiffs argue that the housing authority acts and the cooperation agreement contained in the record will result in the taking of their property, and that of others similarly situated, without due process of law, contrary to section 3, art. I of the Nebraska Constitution and the Fourteenth Amendment to the Constitution of the United States. The

argument on this point is based on the contention that there is no provision for a determination by a competent tribunal as to whether or not the creation of the district and the construction of the improvement will promote public health, convenience and welfare. The claim is made that the housing authority arbitrarily fixes the location and boundaries of the project, and the city council of the city approves or disapproves the caprice indulged in. In our opinion, the use of granted powers was properly hedged in by the act. The powers granted were specifically limited to the express purpose of "making provision for the preservation of the public health, safety, morals and welfare by facilitating sanitary housing conditions for families of low income and the elimination of congested and unsanitary housing conditions within the limits of the city creating it." Laws 1935, ch. 29, sec. 5. Any arbitrary action under the act would necessarily subject such action to the injunctive processes of the courts. The right of eminent domain is subject to approval by the city council before it can be exercised, and if attempted to be used in the furtherance of arbitrary action the injunctive process against such action would destroy the foundation for the exercise of that right. If the powers granted are lawfully exercised, the right of eminent domain, accompanied by full compensation for property taken or damaged, does not violate the due process clauses of the state and federal Constitutions.

The plaintiffs who are taxpayers in the city of Omaha living outside of the territorial boundaries of the housing authority project have no rights abridged which the state and federal Constitutions guarantee to them. In the first place, the housing authority has no power to tax or in any way to create any debt or charge against the city. The taxpayers of the city of Omaha as such are not affected. The act does provide, however, that a city may make donations to a housing authority and that the housing authority shall make reimbursements for all such loans made. Laws 1937, ch. 91, sec. 6. The exercise of this power would naturally increase the tax burden of all taxpayers of the

city. If a tax is for a public purpose, as distinguished from a private purpose, it will be upheld by the courts and will not amount to the taking of private property without due process of law. We think the well-settled rule is that the taking of property under the power of taxation properly exercised does not constitute a taking without due process of law. *De Pauw University v. Brunk,* 53 Fed. (2d) 647; *McLeland v. Marshall County,* 199 Ia. 1232, 201 N. W. 401. In eradicating the slum menace, the housing authority lightens the burden of the city in protecting all citizens against crime, disease and immorality. Public funds of the city may, with legislative sanction, be used to aid in the establishment of a housing authority, it being a governmental subdivision organized for a public purpose. *Spahn v. Stewart,* 268 Ky. 97, 103 S. W. (2d) 651; *State v. Housing Authority of New Orleans,* 190 La. 710, 182 So. 725; *Williamson v. Housing Authority of Augusta,* 186 Ga. 673, 199 S. E. 43. Consequently, we conclude that neither a property owner within the territorial boundaries of a housing authority project nor a taxpayer of the city of Omaha living outside the project may successfully claim a violation of the due process clauses of the state and federal Constitutions. *Williamson v. Housing Authority of Augusta,* 186 Ga. 673, 199 S. E. 43; *Rutherford v. City of Great Falls,* 107 Mont. 512, 86 Pac. (2d) 656.

Plaintiffs insist that the legislation is special rather than general and therefore inhibited by section 18, art. III of the state Constitution. We do not deem it necessary to cite authority for the statement that the legislation has general application to all cities of the metropolitan class and that it has none of the aspects of special legislation.

It is urged that chapter 93, Laws 1937, providing that the bonds and property of a housing authority shall be exempt from all taxes and special assesssments violates sections 1, 2, 4 and 6, art. VIII of the state Constitution. The aforesaid provisions relate to raising revenue upon uniform property valuations, exemptions of property from taxation, the prohibition against the remission of taxes,

and the right of municipalities to make improvements and levy special assessments therefor. We are obliged to hold that a housing authority, created and operated under the legislation before us, is a governmental subdivision within the purview of the Constitution, and consequently its property and bonds are legally exempted from taxation. *Fontenelle Forest Ass'n v. Sarpy County,* 118 Neb. 725, 226 N. W. 327; *Herman v. City of Omaha,* 75 Neb. 489, 106 N. W. 593. In cases involving similar statutes in other jurisdictions, the right to exempt the property and bonds of a housing authority from taxation has uniformly been upheld. *Marvin v. Housing Authority of Jacksonville,* 133 Fla. 590, 183 So. 145; *Williamson v. Housing Authority of Augusta,* 186 Ga. 673, 199 S. E. 43; *Housing Authority of County of Los Angeles v. Dockweiler,* 94 Pac. (2d) (Cal.) 794.

Plaintiffs allege that the respective enactments before the court are broader than their titles and therefore contravene section 14, art. III of the state Constitution, providing that no bill shall contain more than one subject and the same shall be clearly expressed in its title. We have examined the titles to the acts before us, and it appears clear to us that the matters contained in the acts themselves are germane to the purposes of the acts expressed in their titles. The constitutional provision does not require that the title be a synopsis of the law. The purpose of the constitutional inhibition was to prevent surreptitious legislation by advising legislators of the nature of the measures they are called upon to support or oppose. If by a fair and reasonable construction the title calls attention to the subject-matter of the bill, it may be said that the object is expressed in the title. We think the titles to the acts before us meet constitutional requirements. *State v. Price,* 127 Neb. 132, 254 N. W. 889; *Spier v. Thomas,* 131 Neb. 579, 269 N. W. 61; *Elliott v. Willie,* 112 Neb. 78, 198 N. W. 861.

It is urged that the proceedings taken in furthering the purposes of the housing authority project herein involved do not conform to the requirements of the applicable statute.

We have examined the ordinance passed by the city council of the city of Omaha creating the housing authority, the agreement releasing taxes and other charges, the cooperation agreement between the housing authority and the city of Omaha, and the resolution of approval on the part of the city and the authorization of the project involved herein. We hold that the ordinance and resolution meet all statutory requirements and that each of the agreements mentioned are legal and binding obligations authorized by the housing authority statutes. We further hold that any bonds or debentures issued by the housing authority of the city of Omaha will be the debts or obligations of the housing authority of the city of Omaha, and not a debt or obligation of the city of Omaha, the county of Douglas, or the state of Nebraska.

Plaintiffs also urge that the provision of section 4, ch. 91, Laws 1937, providing that "any state public body may upon such terms, with or without consideration, as it may determine: (a) Dedicate, sell, convey or lease any of its property to a housing authority *or the Federal Government*," is violative of the due process clauses of the state and federal Constitutions. We think this is true in so far as the inclusion of the federal government is concerned. It has been held that the federal government has no power to condemn private property for low-cost housing and slum clearance projects, for the reason that it is not for a public use prescribed by the delegated powers of the federal government. *United States v. Certain Lands in City of Louisville,* 78 Fed. (2d) 684. The federal government cannot therefore properly take or own property for the purposes of providing slum clearance or low income housing. But we do not think that the inclusion of the federal government in this provision was such an inducement to the passage of the act that it would not have otherwise been enacted. When it appears that unconstitutional portions of an act can be separated from the valid portions and the latter enforced independent of the former, and it further appears that the invalid portions did not constitute such an inducement to the

passage of the valid parts that they would not have been passed without them, the former may be rejected and the latter upheld. *Nelsen v. Tilley, ante,* p. 327, 289 N. W. 388. We think the foregoing rule controls the instant case.

In applying the applicable rule that all reasonable doubt must be resolved in favor of constitutionality, we conclude that the legislation is constitutional except in the one respect noted. This being true, the legislature had the power in the first instance to authorize the acts which were validated by chapter 92, Laws 1937. Consequently, the Housing Authority of the city of Omaha was lawfully created by virtue of this curative legislation.

Much is said in the briefs about the wisdom of this legislation, a subject with which we cannot concern ourselves. The wisdom of legislation is a matter for legislative and not judicial decision.

JUDGMENT ACCORDINGLY.

JOHNSEN, J., concurring specially.

I am in accord with the court's decision, except that I do not believe that we can or should attempt to determine in this case the power of the federal government in housing matters, as expressed in the sixteenth and seventeenth syllabus points. . The opinion admits that, irrespective of the extent of such power, the rest of the statute is in any event constitutional, and this, it seems to me, is as far as it is necessary or possible for us to go.

The following clarification of the foregoing opinion was filed March 26, 1940.

CARTER, J.

Appellees by motion request a clarification of our former opinion in this case (*Lennox v. Housing Authority of City of Omaha, ante,* p. 582, 290 N. W. 451). It is urged that our holding in the former opinion to the effect that the federal government has no power to take and condemn private property for low-rent housing and slum clearance projects casts doubt on the power of the Housing Authority of the city of Omaha to secure bonds issued by it to the federal gov-

ernment, or an authorized governmental agency of the federal government, by a pledge of its revenues or a mortgage of any housing project, projects or other property of the authority. We do not think that our former opinion imports any such conclusion, but for the purpose of removing any doubts on the subject we desire to amplify our previous holding.

We think it is within the power of the legislature to authorize a housing authority to borrow money and secure the loan by a pledge of revenues or a mortgage of any housing project, projects or other property of the authority to any one desiring to make the loan, including the federal government or any authorized governmental agency of the federal government. And in case of default in the payment of such loans, we take the view that the federal government, or any governmental agency of the federal government empowered to make such loans, would have the same redress in the courts in the enforcement of payment as any person or private corporation would have under like circumstances.

The declaration of unconstitutionality contained in our former opinion is limited to that part of section 4, ch. 91, Laws 1937, specifically described therein, and in no event is it to be construed as affecting any other section of the questioned statutes.