CARL L. BARTLETT, APPELLANT, v. STATE REAL ESTATE COMMISSION OF THE STATE OF NEBRASKA, APPELLEE.

199 N. W. 2d 828

Filed July 28, 1972. No. 38350.

Swartz, Wieland and Marolf, for appellant.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

The State Real Estate Commission, after a hearing, denied plaintiff Carl L. Bartlett a license as a real estate salesman. The district court affirmed the decision of the commission and dismissed the appeal.

Plaintiff made application to the State Real Estate Commission for a license as a real estate salesman and passed the written examination. The commission thereafter ordered plaintiff to show cause why his application for a real estate salesman's license should not be denied. Specific charges were set out in the order. The hearing before the State Real Estate Commission was held on October 6, 1970. At that hearing evidence was introduced which established that on January 7, 1970, the Department of Insurance of the State of Nebraska had revoked the plaintiff's insurance salesman's license after finding he had engaged in multiple acts of fraud, misrepresentation, and dishonest practices. These acts involved commingling and improper use of funds of several insurance clients in various amounts, totalling approximately $8,000. The order of revocation of the Department of Insurance provided that the plaintiff would not be allowed to apply for any license or permit from the Nebraska Department of Insurance for a period of 5 years from the date of revocation.

In addition to the evidence of the proceedings before the Department of Insurance, it was also established that on April 3, 1970, a misdemeanor complaint had been filed in the county court of Lancaster County, Nebraska, charging the plaintiff with having obtained money by false pretenses with intent to cheat and defraud. Plaintiff entered a plea of nolo contendere, was found guilty as charged, and fined $100.

The plaintiff contends that the commission has no authority to deny a license to any individual who possesses the qualifications required by statute for the issuance of a license. He also contends that if discretion were granted by statute to the commission, it was undefined and without standards, and constitutes an unconstitutional delegation of legislative power.

Section 81-876, R. R. S. 1943, provides that no salesman's license shall be issued to any person who has not attained legal age; or is not a citizen of the United States; or is not a high school graduate or the holder of a certificate of equivalency. The applicant for a license must pass a written examination covering generally the matters confronting real estate brokers and salesmen. Failure to pass the examination shall be grounds for denial of the license without further hearing.

Section 81-879, R. R. S. 1943, provides: "The commission shall have the full power to regulate the issuance of licenses and to revoke or suspend licenses issued under the provisions of sections 81-862 to 81-887."

Section 81-881, R. R. S. 1943, provides in part: "The commission may, upon its own motion, and shall, upon the sworn complaint in writing of any person, investigate the actions of any real estate broker or any real estate salesman and shall have the power to revoke or suspend any license, issued under sections 81-862 to 81-887, whenever the broker or salesman has been found guilty of any of the following unfair trade practices: * * *." There follow 20 numbered specifications among which the following are relevant: "(3) failing to account for and remit any money coming into his possession belonging to others; * * * (15) the broker or salesman has demonstrated his unworthiness or incompetency to act as a broker or salesman, whether of the same or of a different character as hereinbefore specified; (16) commingling the money or other property of his principals with his own or failure to maintain and deposit in a separate account all money received by a real

estate broker acting in said capacity, or as escrow agent, or the temporary custodian of the funds of others, in a real estate transaction; * * * (20) the broker or salesman shall have been convicted of a felony * * *."

Section 81-882(1), R. R. S. 1943, provides: "Before the commission shall deny any application for a license or before revoking or suspending such license, it shall give the applicant or holder of the license, as the case may be, a hearing on the matter and shall, at least twenty days prior to the date set for the hearing, notify the applicant or license holder in writing. Such notice shall contain an exact statement of the charges against him and the date and place of hearing." This statute obviously constitutes a specific delegation of discretionary authority as to the granting of an application for a license as well as for the revocation or suspension of a license already granted. The statute was fully complied with here. It must be noted, however, that nowhere in the real estate statutes is the commission given the authority in so many words to exercise its discretion to determine whether or not an applicant is a fit and proper person to engage in the licensed business nor has the commission adopted any rules of its own applicable to this issue.

Plaintiff's argument is that once the examination has been passed and the statutory qualifications have been met, the duty of the commission in issuing a license is purely ministerial. Plaintiff's position is that any United States citizen who is of legal age, has been graduated from high school, and passed the examination must be given a real estate salesman's license; and that any purported exercise of discretion by the commission would be unconstitutional as an improper delegation of legislative power. We disagree.

It is elemental that the method and manner of enforcing a law must of necessity be left to the reasonable discretion of administrative officers. The granting of

administrative discretion is not an unconstitutional delegation of a legislative function where adequate standards to guide the exercise of such discretion are provided by the statute authorizing it. Lennox v. Housing Authority of City of Omaha, 137 Neb. 582, 290 N. W. 451.

While the statute here does not expressly provide that applicants for a real estate salesman's license must be of good moral character or must be fit and proper persons to engage in the business, we think such a requirement is implicit in the qualifications necessary for a license. It is also made more explicit in other portions of the commission statutes. The power to withhold a license for good cause as well as standards defining good cause need not be expressly delegated where, by fair implication, in light of the statutory purpose, such power has been implicitly delegated. See Barton Trucking Corp. v. O'Connell, 7 N. Y. 2d 299, 165 N. E. 2d 163. Under sections 81-876 and 81-879, R. R. S. 1943, the commission has implicit discretion to pass upon the fitness of an applicant for a license.

A thorough examination of the statutes here reflects the clear intent of the Legislature to vest full power in the commission to regulate the issuance of licenses. The rule is that in the absence of mandatory statutory requirements, the power vested in an officer or board to grant licenses carries with it, expressly or impliedly, the power to exercise reasonable discretion in granting or refusing licenses. See Arrow Express Forwarding Co. v. Iowa State Commerce Commission, 256 Iowa 1088, 130 N. W. 2d 451.

The plaintiff takes the position that section 81-881, R. R. S. 1943, has no application to an applicant for a license nor to the conduct of an applicant prior to his application, but instead applies only to revocations or suspensions of persons already licensed. Of course, the language of the section specifically applies only to revocations or suspensions, but it does contain extensive legislative standards for the guidance of commission

discretion. At least some of those standards which are relevant here are not limited to the actions done in carrying on the real estate business. Failing to account for and remit any money coming into his possession belonging to others; demonstrating unworthiness or incompetency to act as a broker or salesman, whether of the same or a different character as previously specified; and conviction of a felony are at least three specific standards which are not limited to carrying on the particular business of real estate. The power of the commission to revoke or suspend is unquestioned and the standards are thoroughly and adequately expressed. Courts have consistently taken the position that the power to refuse a license is coextensive with the power to revoke. See Arrow Express Forwarding Co. v. Iowa State Commerce Commission, 256 Iowa 1088, 130 N. W. 2d 451; Bankers Union Life Ins. Co. v. Read, 182 Okla. 103, 77 P. 2d 26.

Where the commission has power to revoke a salesman's license upon specific grounds, it may properly refuse to issue a license initially upon the same grounds. It would be an exercise in pure futility to require the commission to issue a license and then immediately revoke it. There is also no reasonable justification for requiring the commission to ignore the character or fitness of an applicant and to shut its eyes to all prior conduct of an applicant simply because the statute failed to specify those requirements in detail.

There was evidence in the record that an unrelated individual who held a real estate broker's license had been convicted of a felony and that his license was revoked for that reason. After that individual had served time in the Nebraska Penal and Correctional Complex, he was released from confinement and sometime thereafter his real estate broker's license was reinstated by the commission. The record does not reflect the evidence before the commission at the time of reinstatement of that license, nor the circumstances surrounding

834

that action of the commission. Neither is the reasonableness of that action at issue here. What the commission may or may not have done with respect to some other license and whether or not that action was reasonable does not change the facts of this case. An administrative determination within the jurisdiction of the commission, supported by substantial evidence in the record and a reasonable basis in the law, is not arbitrary nor capricious. See Barton Trucking Corp. v. O'Connell, 7 N. Y. 2d 299, 165 N. E. 2d 163.

The action of the commission here was reasonable and did not constitute an abuse of discretion. The judgment of the district court is affirmed.

AFFIRMED.