REQUESTED BY: Henry D. Smith, M.D., M.P.H., Director of Health, Department of Health
1. Can counties, cities, villages and rural or suburban fire protection districts contract with private corporations to provide ambulance services for their areas, using funds raised as provided in section 23-378 and/or section35-514.02?
2. Does `ambulance service' include all aspects of emergency medical service, e.g., manpower, training, transportation, communications, transfer of patients, record keeping and administration which are all essential to the provision of adequate emergency medical service?
1. No.
2. Yes, insofar as the emergency medical services are appropriate and relevant in connection with the ambulance service.
You have asked whether counties, cities, villages and rural or suburban fire protection districts can contract with private corporations to provide emergency medical services for their areas, using funds raised as provided in sections 23-378, R.R.S. 1943, and 35-514.02, R.R.S. 1943.
Section 35-514.02 provides:
 "A rural or suburban fire protection district may provide ambulance service either within or without the district and may enter into agreement under the Interlocal Cooperation Act for the purpose of providing necessary ambulance service, may expend funds of the district and may charge a reasonable fee to the user. . . . If the board after . . . [a public hearing as provided] determines that public ambulance service is needed, it may proceed as authorized in this section. . . ." (Emphasis added.)
Section 23-378 provides:
 "The county boards of counties, and the governing bodies of cities and villages, may provide ambulance service as a governmental service either within or without the county or municipality, as the case may be. Each may enter into agreement with the other under the Interlocal Cooperation Act for the purpose of providing necessary ambulance service, or may provide separate service for itself. Public funds may be expended therefor, and a reasonable service fee may be charged to the user. . . . If the board or governing body after . . . [a public hearing as provided] determines that public ambulance service is needed, it may proceed as authorized in this section. . . ." (Emphasis added.)
Section 23-2207, R.R.S. 1943, provides:
 "Any one or more public agencies may contract with any one or more other public agencies to perform any governmental service, activity, or undertaking which each public agency entering into the contract is authorized by law to perform; Provided, that such contract shall be authorized by the governing body of each party to the contract. . . ."
There is no authority given under these sections for subsidizing private corporations as there was under the Kansas law interpreted in Robinson v. Board of County Commissionersof Osborne County, 210 Kan. 684, 504 P.2d 263 (1972). In that case, the county commissioners were authorized to provide ambulance service as a county function or to contract with `any city, person, firm, or corporation' to do so, compensating them from the county general fund.
We have concluded that the authority to expend funds raised as provided in sections 23-378 and 35-514.02 is limited to expending them for ambulance service provided by the governmental subdivision or by it in cooperation with another governmental subdivision authorized to provide such services. Such power cannot be exercised until it is determined that public ambulance service is needed.
You have asked whether the authority given to counties, cities, villages, and rural or suburban fire protection districts to provide `ambulance service' includes the authority to provide manpower, training, transportation, communications, transfer of patients, record keeping and administration for emergency medical service. You have indicated that these are essential elements of adequate emergency medical services.
`Ambulance service' is not defined in either of the statutes referred to above as authorizing public ambulance service. However, statutes on the same subject are to be construed together.
See Lennox v. Housing Authority of the City of Omaha,137 Neb. 582, 290 N.W. 451 (1940). In section 71-5101(1), R.R.S. 1943, the Legislature found:
 "That ambulance service is a primary and essential health care service and that the presence of an adequately equipped ambulance and trained ambulance personnel may be the difference between life and death or permanent disability to those persons in Nebraska making use of ambulance services in an emergency;"
In section 71-5102(1), R.R.S. 1943, an `ambulance service unit' is defined as the vehicle equipped to transport patients over the public ways in the state. Also, express authority to provide a service includes the authority to provide those elements which are appropriate and relevant to the exercise of that granted power. See Marshal v.Gordon, 243 U.S. 521, 537 (1917), and United States v.Nixon, 418 U.S. 683, n. 16, (1974).
We have concluded that the entities authorized by sections 23-378 and 35-514.02 to provide public ambulance service are thereby authorized to provide those elements essential for adequate emergency medical services in connection with that ambulance service.