REQUESTED BY: Mr. Patrick M. Connealy, Keya Paha County Attorney, Springview, NE 68778.
1. In order for a county to sell real estate to a county housing authority, created under the provisions of sections 71-1518, et seq., R.R.S. 1943 (Reissue 1976), is it necessary to follow the provisions of sections 23-107, 1977 Supp., and 23-107.01 R.R.S. 1943 (Reissue 1977)?
2. If so, may those requirements be avoided in the event the county were to convey the real estate to the housing authority was a donation without monetary consideration?
1. Sections 23-107 and 23-107.01 are not applicable to a sale of real estate by a county to the county housing authority, and such a sale may be accomplished without regard to the procedure therein provided.
2. In view of our conclusion to question one, it is inapposite to speculate as to whether the requirement of those inapplicable statutes could be avoided by a donation or gift of the real estate. It is doubtful that a county lawfully could make such a donation or gift in any event.
In the request letter pursuant to which this is written, reference is made to our earlier opinion of June 9, 1976, No. 231, Report of Attorney General, 1975-76, p. 326. In that opinion we had under consideration a proposal for a county board to sell or lease county owned property to a private group of physicians for the erection, maintenance, and operation of a medical office-clinic building. We then found that the provisions of sections 23-107 and 23-107.01
were applicable and must be complied with. At the time of that opinion, section 23-107 contained a provision that `no sale or lease for a period of more than ten years shall be made of real estate costing the county more than three thousand dollars, until such proposition shall have been approved by a majority of the electors of the county voting thereon.' However, in 1977, that section was amended so as to eliminate the election requirement and to cure title to property which previously mat have been illegally sold without an election. Consequently, at the present time there is no requirement in section 23-107, or elsewhere in the statutes, which requires an election in order to authorize the sale of county owned real estate of whatever value.
In 1975 the Legislature had enacted a new and supplemental statute with reference to the sale of county property; which statute now appears as section 23-107.01. The legislative history of that law indicates it was prompted by a situation wherein Douglas County owned numerous parcels of land in a flood plain area along the Missouri River. These parcels had no practical use to the county and were of little value as such, but apparently they could not be sold off by the county without compliance with the cumbersome and expensive election procedure then required under section23-107. The purpose and effect of the new section 23-107.01
was to permit, in lieu of an election, that county owned property, regardless of value, which was `not required for county purposes' might be sold under a streamlined procedure of public notice and hearing and sale to the highest bidder.
Section 71-1528, R.R.S. 1943 (Reissue 1976), declares that housing authorities created under the Nebraska Housing Authorities Law shall constitute independent bodies corporate and politic and prescribes the powers possessed by such authorities. Following ten specifically enumerated powers there appears this proviso:
 "No provision of law with respect to the acquisition, operation or disposition of property by other public bodies shall be applicable to an authority unless the Legislature shall so specifically state."
Nowhere in the statutes do we find any specific legislative statement to the effect that sections 23-107 and 23-107.01, or either of them, shall be applicable with respect to the acquisition of property by a county housing authority from a county.
Clearly it is the effect of the provision above quoted that, for example, requirements such as those contained in sections 23-107 and 23-107.01 with respect to sale of county owned property shall not be applicable in a situation where a county housing authority may be selling property. However, the effect of the proviso may be much broader than that if full literal meaning is ascribed to the statutory language. Giving a broad, liberal construction thereto, it is susceptible to interpretation as also rendering inapplicable those particular requirements in any situation where the county housing authority were acquiring (instead of disposing) of property. We are not aware of any Nebraska court decisions dealing with this statutory proviso. If such a liberal construction were adopted judicially and we predict it would be that alone is sufficient answer for the first question above stated. However, there is a further and entirely independent basis for our conclusion to that question.
The Nebraska Housing Authorities Law vests housing authorities with the right to acquire real estate by exercise of the power of eminent domain. See section 71-1528(4). In that regard, section 71-1530 further provides: `The powers of eminent domain shall be exercised in the manner provided in Chapter 76, article 7. No real property of any political subdivision or public body of the state may be so acquired without its consent.'
Since the power of eminent domain by a county housing authority is governed exclusively by section 71-1530 and, by reference, Chapter 76, article 7, it necessarily follows that any particularized statutory procedure or requirements appearing elsewhere which otherwise might apply to the acquisition of property from the county are superseded, pro tanto, when a housing authority is acquiring county-owned real estate. Hence, if the county consents (as provided in section 71-1530) to the taking of real estate by the county housing authority, the parties are free to negotiate the purchase upon such terms as are deemed proper. Although the right of eminent domain generally carries the power to acquire property against the will of the owner and for nonagreeable compensation, it is not necessary that resort be had to adversary type formal court proceedings in all cases. In fact, it is an inherent prerequisite to formal condemnation proceedings that there is an initial good faith effort by the parties to arrive at an out-of-court agreement. And, of course, under section 71-1530, the county must consent to any acquisition of county-owned property by a county housing authority, on any terms.
Therefore, it is our opinion that a county and a county housing authority may negotiate freely for the purchase of county-owned real estate by the housing authority, without restriction by the provisions of sections 23-107 and23-107.01. This is not to say, however, that the county may donate the real estate or sell the same for a price so low as to be tantamount to a gift.
The following appears in 56 Am.Jur.2d, Municipal Corporations, Etc., § 552, p. 606:
 "The authority to sell municipal property carries with it the power to decide upon the terms of the sale, and since this power is discretionary, a sale made under it cannot be annulled on the ground that the bargain was an improvident one. But the power to sell does not include the power to make a gift of municipal property. Nor, ordinarily, can a municipal corporation lawfully sell its property for a grossly inadequate price, since such a transaction is in effect a gift of public funds.
 "A municipality having the power to sell property may sell it for a valuable consideration other than money. Thus, the advantage which will inure to the municipality from a contemplated improvement may constitute a valuable consideration for a deed from the municipality to the state or the United States. And a municipality may sell land in consideration of labor performed upon the public works if the price thus paid is a fair one."
Although the text statement is phrased in terms of municipalities, the same general principles are applicable to the full range of municipal corporations, including counties and other political subdivisions.
Under the general rule, short of making an outright gift, it would appear that a municipal corporation may take into consideration the nature of use to which the property will be put and may consider the public purpose advantage which will be served in making a determination as to the monetary consideration for which it will sell a particular property. However, the case law as it has developed in this jurisdiction raises substantial question as to whether, and, if so, to what extent the Supreme Court might approve of a sale of county property to a county housing authority wherein the actual monetary compensation was below realistic market value on the theory that part of the consideration consisted of the public purpose value which would inure to the county as a result of the housing authority operations.
In Lennox v. Housing Authority of the City of Omaha,137 Neb. 582, 290 N.W. 451 (1940), the court found that the creation of housing authorities served a legitimate public purpose and that the Nebraska law on the subject was generally constitutional. One of the features of the state law, the constitutionality of which was under attack, was that authorizing a city to make donations to a housing authority. The court found the provision to be valid as it was an exercise of the power of taxation for a public purpose and with due process. In so holding, the court said: `Public funds of the city may, with legislative sanction, be used to aid in the establishment of a housing authority, it being a governmental subdivision organized for a public purpose.' Id., p. 594. Under the Nebraska Housing Authorities Law, cities do have limited power of donation to aid in establishing housing authorities. However, there is no provision in the act which would authorize the donation or gift of real estate by a county to a housing authority.
Accordingly, it is our opinion that any sale of county-owned real estate to a county housing authority would require a monetary consideration fairly commensurate with the actual value of the property and without any consideration being attributed to the public purpose objectives of the housing authority.