REQUESTED BY: Senator Samuel K. Cullan Nebraska State Legislature State Capitol, Room 807 Lincoln, Nebraska 68509
Dear Senator Cullan:
You have asked if LB 863 as amended by the Public Health and Welfare Committee unlawfully delegates to the Department of Health the authority to set fees for certain laboratory tests and goods. We have concluded that it probably does not as discussed below.
Where, as here, the primary purpose of a fee is to raise revenue, it is a tax. See, Neb.Rev.Stat. § 71-2618
(Reissue 1976) and Scott v. Donnelly, 133 N.W.2d 418 (N.D. 1965). The power to tax is a legislative function. See, Nebraska Constitution, Art. VIII, § 1. Several states having similar constitutional provisions have found that the power to tax cannot be delegated to administrative agencies.See, Conner v. Joe Hatton, Inc., 203 So.2d 154 (Fla. 1967); Scott, above, and Betts v. Lightning DeliveryCo., 42 Ariz. 105, 22 P.2d 827 (1933).
The same is true in Nebraska where the Legislature may not delegate its power to make a law. However, this does not mean that the Legislature must lay down in a legislative act a strict rule which must be followed by an administrative officer or board. Such persons or boards may be vested by the Legislature within reasonable limits with the exercise of judgment in carrying out the express legislative purpose of an act. Lennox v. Housing Authority of City ofOmaha, 137 Neb. 582, 590 (1940). Thus the question here is whether the Legislature has set down sufficient guidelines for the Department of Health in setting the fees referred to in LB 863.
According to those amendments the cost of laboratory examinations or of specimen containers, shipping outfits and related supplies is the only guideline for the Department of Health in setting such fees with two exceptions. Fees for each unit of the goods listed may not exceed $5.00 and the fee for testing water samples other than domestic water samples may not be more than one and one-half times the fee for testing domestic water samples.
We have concluded that the guideline of cost is probably sufficient to avoid delegation problems in this case. As stated in Betts, above, at 830:
 A law appointing an agent to collect a license tax should fix the amount thereof at a definite sum, or adopt a rule from which such agent and taxpayer can, upon the ascertainment of the facts in any particular case, definitely and uniformly calculate the tax.
The fact that the Department of Health must determine what that cost is before it sets the fee is not itself an improper delegation of legislative authority.
See, Lennox v. Housing Authority of the City of Omaha,137 Neb. 582 (1940). However, we could say with greater assurance that there was no delegation problem if the Legislature were to set the maximum fee that could be set in each category of laboratory examinations. This would also serve to place a lid on the costs that could be incurred in making the tests.
Sincerely yours,
PAUL L. DOUGLAS Attorney General
Marilyn B. Hutchinson Assistant Attorney General