REQUESTED BY: Senator Don Wesely Nebraska State Legislature State Capitol, Rm. 1402 Lincoln, NE 68509
Dear Senator Wesely:
This is in response to your request concerning LB 61. You asked for an evaluation of the constitutionality of LB 61 and the attached amendments, and in particular Section 6 of the bill.
The purpose of the bill is to help public hospitals continue to exist and deliver health care services. The promotion of public health has traditionally been recognized as one of the leading objectives in the cases defining a `public purpose.' Lennox v. Housing Authority of the Cityof Omaha, 137 Neb. 582, 290 N.W.2d 451.
One thing that might raise the suspicion of some about the present bill is the authority granted to public hospitals to enter into limited partnerships and other agreements with private corporations or other public hospitals to deliver health care services.
In State ex rel. Douglas v. Nebraska Mortgage FinanceFund, 204 Neb. 445, 283 N.W.2d 12, the Supreme Court of Nebraska was called upon to determine the constitutionality of a legislative bill, the purpose of which was to assist private mortgage lenders in providing financing for single family residences at reduced interest rates for low and moderate income families.
In an action to test the bill, the Nebraska Attorney General claimed a number of constitutional encroachments.
The Supreme Court prefaced its inquiry by stating that: `We must keep in mind the oft-declared rule to the effect that in construing an act of the Legislature all reasonable doubts must be resolved in favor of its constitutionality.Dwyer v. Omaha-Douglas Public Building Commission,188 Neb. 30, 195 N.W.2d 236.'
In finding the housing act constitutional, the Supreme Court made the following observation pertinent to the present inquiry:
 The fact that certain of the funds once obtained through bonds may go to private lending institutions who in turn will make the funds available for low and moderate income citizens does not change the public purpose for which the funds are intended. The vital point in all such disbursements is whether the purpose is public. If it is, it does not matter whether the agency through which it is dispensed is public or not. How the funds are disbursed is not the critical issue, but rather whether the object for which it serves is a public purpose. The test is in the end result, not in the means. See United Community Services v. The Omaha Nat. Bank, supra. A law may serve the public interest although it benefits certain individuals or classes more than others. John R. Grubb, Inc. v. Iowa Housing Finance, 255 N.W.2d 89 (Iowa, 1977). (Emphasis added).
We perceive that the provisions of LB 61 are more obviously for the public purpose intended than the legislation in Douglas v. Nebraska Mortgage Finance Fund, and in light of the position of the Nebraska Supreme Court in that case, we are of the opinion that LB 61 would pass a constitutional attack.
Section 6 of LB 61, about which you specifically asked, provides in effect that all financial obligations of a hospital owned or operated by a governmental entity are exclusively obligations of the hospital and not a debt of the state or other governmental entity.
This is in keeping with Article XIII of the Nebraska Constitution which provides that the state, except for purposes not applicable here, may not contract debts to exceed the aggregate of $100,000.
People dealing with governmental agencies are legally on notice of the necessity to determine these and other limitations concerning the authority of governmental bodies to incur obligations and have a sufficient appropriation to fund the same.
Article III, Section 22 and Section 25 are examples. Section 22 provides in part that: `Each Legislature shall make appropriations for the expenses of the Government.' Section 25 provides in part: `No money shall be drawn from the treasury except in pursuance of a specific appropriation made by law, and on the presentation of a warrant issued as the Legislature may direct, and no money shall be diverted from any appropriation made for any purpose or taken from any fund whatever by resolution.'
In speaking of the above provisions, the Supreme Court of Nebraska stated:
 The object and purpose of such a constitutional provision was to render all departments of the state government dependant upon the will of the people as expressed by their duly elected representatives, and to require such departments of government, except as otherwise provided in the Constitution, to return to that source at regular stated intervals for the necessary means of existence, because the people have learned and will continue to learn that the very preservation of their liberty depends largely upon control of the purse by their periodically elected representatives. State ex rel. Norfolk Beet-Sugar Co. v. Moore, supra.' Rein v. Johnson, 149 Neb. 67, 30 N.W.2d 548.
What has been said is consistent also as to governmental subdivisions whose powers and duties are created by the Legislature which, may not accomplish indirectly, what it may not do directly. This was confirmed in State exrel. Beck v. City of York, 164 Neb. 223, 82 N.W.2d 269, where the Supreme Court of Nebraska, in construing ArticleXIII, Section 3, of the Nebraska Constitution against lending the credit of the state in aid of private persons, corporations, etc. concluded that said provision applied equally to political subdivisions. We believe the same to be true generally of constitutional limitations upon the state.
We can find no constitutional provision of which a violation by Section 6 of this bill is suspected. It merely places limitations, consistent with other provisions of the constitution, on persons dealing with the public hospitals as there provided.
Very truly yours,
A. EUGENE CRUMP Deputy Attorney General
Mel Kammerlohr Assistant Attorney General